James C. HUNTER and Joe Earl MOSLEY
*v.* STATE of Arkansas

CR 78-78                                570 S.W. 2d 267

Opinion delivered September 11, 1978
(Division I)

*Ralph Wilson, Jr.*, Deputy Public Defender of Mississippi County, for appellants.

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellants, James C. Hunter and Joe Earl Mosley, were tried together and found guilty of burglary and of third-degree battery. The jury fixed their punishment at 20 years for the burglary and at one year, plus a $1,000 fine, for the battery. Their only argument for reversal is that the burglary sentence is excessive.

According to the State's proof, which was in the main admitted by the defendants, they unlawfully entered the home of the 79-year-old prosecutrix, beat her severely, and took what money she had — $2.50 in her purse. They also forced her to write two checks totaling $250.00. They were apprehended almost at once. The checks were recovered.

At the trial the argument was made by defense counsel, and it is repeated here, that the defendants' conduct in beating the aged prosecutrix pertained only to the battery and should not be considered with regard to the punishment for the burglary, a separate offense. It is also insisted that the prosecuting attorney made an improper argument in urging the jury to consider all the circumstances in the case as a basis for imposing the maximum sentence for the burglary.

Burglary is a class B felony, punishable by imprison-

ment for from 3 to 20 years and by a fine not exceeding $15,-000. Ark. Stat. Ann. §§ 41-2002, 41-901, and 41-1101 (Repl. 1977). The 20-year sentence is within the permissible maximum and is therefore not excessive. *Rogers* v. *State,* 257 Ark. 144, 515 S.W. 2d 79 (1974), cert. den. 421 U.S. 930 (1975). As to the prosecutor's argument, in the first place there was no objection, which precludes the appellants from raising the point in this court for the first time. In the second place, the argument was not improper. The statute allows the punishment to range from 3 to 20 years, vesting great discretionary latitude in the jury. Obviously the legislature intended for the jury to consider all the aggravating and mitigating circumstances shown by the evidence, else there would be no basis for the exercise of this discretion. Here counsel for both sides merely argued what they were entitled to argue. We are not at liberty to disturb the verdict.

Affirmed.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.