Gregory M. SMALL *v.* STATE of Arkansas

CR 06-1364 264 S.W.3d 512

Supreme Court of Arkansas
Opinion delivered October 4, 2007

248

Appellant, pro se.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

PER CURIAM. A jury found appellant Gregory M. Small guilty of rape, attempted rape, and sexual assault in the second degree, and imposed consecutive sentences on the charges of 240 months', 144 months', and 108 months' imprisonment, for an aggregate sentence of 492 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Small v. State*, CACR 04-1390 (Ark. App. June 22, 2005). Appellant timely filed in the trial court a pro se petition for postconviction relief under Ark. R. Crim. P. 37.1,[1] which was denied without a hearing. This court granted appellant's request for belated appeal of that decision. *Small v. State*, CR 06-1364 (Ark. Jan. 11, 2007) (per curiam). The parties have now filed their briefs and appellant's appeal of the order denying postconviction relief is before us.

Appellant raises twelve points of error on appeal. In each of those points, appellant asserts that the trial court erred in failing to find ineffective assistance of counsel. The bases of appellant's claims of ineffective assistance are as follows: (1) that counsel failed to call three witnesses; (2) that counsel failed to object to the prosecution's delay in filing charges against appellant; (3) that counsel failed to preserve for appeal the issue of insufficiency of the evidence to support three separate offenses under the theory that the crimes were a single continuing course of conduct; (4) that counsel failed to properly challenge the sufficiency of the prosecution's investigation; (5) that counsel failed to object to perjured testimony; (6) that counsel failed to challenge the sufficiency of the evidence on the basis there was no DNA evidence; (7) that counsel failed to "make a motion" to show that the victim's prior sexual conduct was relevant; (8) that counsel failed to request a jury instruction as to alternative sentencing; (9) that counsel failed to object to comments by the prosecution stating that appellant was a rapist and the jury must convict him; (10) that counsel failed to object to the victim's testifying during the trial from a position that was not within appellant's line of sight; (11) that counsel failed to object to the suppression of certain statements by appellant's father; (12) that counsel failed to convey a counteroffer to the prosecution on a plea offer.

---

[1] Appellant filed his original petition on September 8, 2005, and an amended petition on December 1, 2005. From the record before us, it appears that the trial court considered both the original petition and the amended petition prior to providing its findings.

■ Appellant attempts to argue an additional claim in his reply brief. However, we do not address the merits of a question where the argument is raised for the first time in a reply brief. *State v. McCormack*, 343 Ark. 285, 34 S.W.3d 735 (2000). Moreover, the trial court provided no ruling on the issue. Failure to obtain a ruling on an issue at the trial court level precludes review on appeal. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000).

The trial court rejected appellant's claims of ineffective assistance in a written order, listing findings of facts and conclusions of law as to each. The court reviewed the allegations in the petition, the file and records in the case, and denied the petition without a hearing.

■ In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective. *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

■ The *Strickland* standard is a two-part test. To prevail on a claim of ineffective assistance of counsel under the standard, a petitioner must first show that counsel's performance was deficient, with errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and second, the petitioner must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The petitioner claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Burton v. State*, 367 Ark. 109, 238 S.W.3d 111 (2006). The petitioner must show that, but for counsel's

errors, the fact-finder would have had a reasonable doubt respecting guilt and that the decision reached would have been different absent the errors. *Id.*

Appellant first claims that the trial court erred in failing to find that trial counsel was ineffective for failure to call three witnesses. The trial court found that the witnesses had been proffered at a pretrial hearing and excluded. The court further found that the evidence would have been excluded as irrelevant and hearsay, would not have affected the outcome of the trial, and, even if the evidence were admissible, that the decision as to whether the witnesses should be called was a tactical one. Appellant contends that the evidence was necessary to impeach the victim and that there was no hearing concerning whether these witnesses could testify.

The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice which denied the petitioner a fair trial. *Hill v. State,* 292 Ark. 144, 728 S.W.2d 510 (1987) (per curiam). An attorney's decision not to call a particular witness is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, itself, proof of counsel's ineffectiveness. *Lee v. State,* 343 Ark. 702, 38 S.W.3d 334 (2001). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to his client and, in assessing the attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate. *Nelson v. State,* 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam). It is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Weatherford v. State,* 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam).

█ The trial court was not clearly erroneous in finding that appellant's petition did not establish that the testimony at issue would have been admissible or that the evidence would have been beneficial to appellant's case. Appellant contends on appeal that counsel should have called a friend of the victim's named Amanda, the victim's former foster parent, Kay Johnson, and an individual named Nancy Blevens. In his amended petition, appellant asserted that a number of family members could verify statements made to them by the victim concerning the first witness, Amanda. In those

statements, the victim indicated that Amanda had told the victim that Amanda's own brother had molested her. Appellant asserts that the second witness, Ms. Johnson, would testify as to other instances where the victim had alleged she had been sexually molested. The third witness, Ms. Blevens, would purportedly have testified as to the appearance of appellant's genitals. Appellant did not establish the testimony that the first witness would have provided, that the testimony of the second witness would have been admissible, or, if the third witness had been called, that the testimony would have changed the outcome of the trial.

Appellant did not provide any statement or affidavit from Amanda to establish what her testimony would have been. While appellant apparently contends that Amanda would verify the statements that he claims were made by the victim to third parties, appellant's petition contains no facts to support that Amanda would indeed have done so. Without having provided the substance of Amanda's testimony, appellant failed to establish that the testimony would have had any bearing on the outcome of the trial.

Appellant contends that the testimony of Ms. Johnson would establish that the victim had made accusations as to molestation by other individuals. The record shows that defense counsel requested a hearing on admissibility of this and other testimony that would be excluded under Ark. Code Ann. § 16-42-101 (Repl. 1999). The hearing terminated without Ms. Johnson testifying, but the court cautioned that it would not admit such inflammatory testimony simply to challenge the credibility of the witness, and that it did not consider such evidence relevant. This court has upheld exclusion of precisely this type of evidence in similar circumstances, holding that it was indeed not relevant to the proceedings. *See State v. Townsend*, 366 Ark. 152, 233 S.W.3d 680 (2006). Appellant did not show that the testimony would have been admitted, if offered.

The summary that appellant included in his petition of the testimony that Ms. Blevens would have provided was simply that she would have described appellant's genitals as to size and shape. Such testimony would not have significantly contradicted the victim's testimony at trial for impeachment, as appellant asserts. The victim's description of appellant's penis was brief and very general, with little detail. Even had Ms. Blevens testified, the discrepancy in testimony was not sufficient to alter the outcome of the trial.

Appellant next alleges ineffective assistance for counsel's failure to object to the prosecution's delay in bringing the charges, because the prosecution waited approximately seven months after accusing him before filing the charges. In his petition, appellant alleged that this amounted to prosecutorial misconduct, that the delay was intended to provide a tactical advantage, and that his right to due process under the Fifth Amendment required dismissal of the charges under those circumstances. The State urges that appellant has cited no authority in his brief for his position. But, in appellant's original petition, he did cite *Scott v. State*, 263 Ark. 669, 566 S.W.2d 737 (1978). *Scott* stands for the proposition that the prosecution cannot delay filing charges simply for the purpose of gaining a tactical advantage over the accused, and, where prejudice occurs from the delay, the charges must be dismissed. *Id.* at 674, 566 S.W.2d at 740.

In order for appellant to show that counsel could have raised a successful objection on this basis, however, he was required to establish in his petition that counsel could have shown that prejudice occurred from the delay. Counsel is not ineffective for failing to make an argument that is meritless. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001). Appellant contends that he was prejudiced because his father, Martin Small, died during the delay. He alleges that Martin Small was a key witness in his defense. But he does not disclose any testimony that Martin Small could have provided that was of any significant help to his defense.

Appellant contends that his father made a statement to police that characterized the victim as untruthful and related an occasion where the victim stated that the incident with appellant had not happened, that she had lied. Appellant asserts he was prejudiced because his father was unable to provide this testimony at trial. But, at trial, the jury heard a telephone deposition by appellant's grandmother, who was present when this event occurred, that related the statement by the victim. Appellant's grandmother and his brother, who was also the victim's father, provided testimony at trial that the victim had been disciplined for lying. Martin Small's testimony, given his relationship to the appellant, would not likely have been any more persuasive than the evidence that was presented at trial. In light of the other evidence available as proof, appellant did not show that trial counsel could have successfully argued that appellant was prejudiced by any delay.

Appellant argues in his next point on appeal that trial counsel failed to preserve for appeal the issue of sufficiency of the evidence to support three separate offenses under the theory that the crimes were a single continuing course of conduct. The trial court found that any motion for merger of the counts would have been denied because the evidence presented showed a series of events occurring at separate times, not a single event.

The trial court was not clearly erroneous in finding that any challenge to the separate counts would not have been meritorious. The victim testified to separate instances of fondling of her genitals by appellant with his fingers, an attempt by appellant to penetrate her anus with his penis, and of penetration of her mouth by appellant's penis on more than one occasion. While it declined to consider this specific argument, the court of appeals upheld the evidence as sufficient to support each of the counts in its opinion on direct appeal. This court has held that rape is not defined as a continuing offense, and where the prosecutrix testifies as to multiple acts of rape of a different nature, separate in point of time, there is no continuing offense. *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997). In *Rains*, that analysis was applied where one of the counts was based upon a charge involving sexual contact, as does the sexual assault count here. In *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003), we held that the same reasoning as in a rape case should apply in a case where one count involved violation of a minor. The trial court did not err in applying the analysis to the counts in this case.

Appellant contends that because these separate instances all occurred in one night, they were a single continuing offense. Yet, we have considered conduct occurring within a span of two hours, and held that where the acts were of a different nature, a separate impulse was necessary and there were separate offenses. *Ricks v. State*, 327 Ark. 513, 940 S.W.2d 422 (1997). Each of the acts here was of a different nature, and was separate in point of time. The three counts did not constitute a single continuing offense.

In his next point, appellant argues that counsel failed to properly challenge the sufficiency of the prosecution's investigation, contending that counsel failed to move to have the charges dismissed and failed to seek a directed verdict. The trial court found that the claim was not cognizable in a proceeding on a Rule 37.1 petition, and that what investigation to undertake was within the prosecution's discretion.

The record shows that counsel did challenge the sufficiency of the evidence presented. Trial counsel requested a directed verdict at the conclusion of the State's case and renewed the motion following the final submission of evidence. As already noted, the court of appeals upheld the evidence presented at trial as sufficient. The State asserts, correctly, that appellant has cited no authority for his contention that counsel could have somehow challenged the charges on the basis that the prosecution's investigation was not adequate. This court will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002).

Moreover, appellant did not meet his burden to show that counsel could have successfully argued the point if counsel had no authority for the proposition. Trial counsel did challenge the investigation at trial through argument and presentation of witnesses. Appellant now contends those witnesses were not interviewed by the prosecution. The jury here simply found the prosecution's witness more credible and their case more compelling, and the trial court did not err in denying relief on this point.

In his next point, appellant argues that counsel was ineffective for failure to object to what he characterizes as perjured testimony by a police officer. The disputed testimony was that two witnesses, appellant's son and grandmother, were unavailable. The trial court found that appellant had not met his burden to show prejudice as he failed to show that the outcome of the trial would have been any different. We agree.

This court has held that claims of prosecutorial misconduct are not cognizable in a proceeding pursuant to Rule 37.1. *Howard*, 367 Ark. at 27, 238 S.W.3d at 32. Here, however, appellant did state his claim as one for ineffective assistance of counsel rather than an independent claim based upon violation of his right to due process. Appellant's claim must fail because we are unable to determine that the police officer did indeed make the alleged statement in his testimony. But, even assuming the police officer made such a statement concerning the availability of the two witnesses and that counsel had successfully objected to that statement so as to exclude it, appellant did not make a showing in the petition that this would have changed the outcome of his trial.

Our review of the record failed to reveal any testimony of the officer at trial. The officer testified on behalf of the defense during the pretrial hearing on admissibility of evidence under

section 16-42-101, but he did not make the claimed statement at that time. Appellant does not cite to the record to identify where in the testimony the alleged statement occurs. In any event, we agree with the trial court that appellant did not show how he would have been prejudiced by the statement, if it were made. Trial counsel did present appellant's grandmother and son as witnesses. If the allegedly false statement were admitted at trial, the credibility of the statement could have been contested through those witnesses.

■ Appellant next alleges ineffective assistance of counsel for failure to argue lack of DNA evidence in challenging the sufficiency of the evidence. Appellant fails to cite any authority for his assertion that DNA evidence should have been required to provide sufficient evidence to convict on the charges. Moreover, that position is at odds with our case law. It is well settled that the uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005). As the court of appeals held in appellant's direct appeal, the same reasoning applicable to a rape charge supports a conviction through uncorroborated testimony on a sexual assault charge, provided the statutory elements are likewise met.

Appellant next argues that trial counsel was ineffective because he failed to file a motion to show that the victim's prior sexual conduct was relevant. Appellant contends that counsel did not move for admission of the evidence and no hearing was conducted as to its admission under the rape shield statute. The trial court found that counsel had filed such a motion and the court had held the proffered evidence was not admissible following a hearing. Despite appellant's contention to the contrary, the record supports the trial court's findings. The record includes a transcript of a hearing on a motion concerning application of the rape shield statute that indicates that counsel made the very argument raised by appellant, and that the trial court correctly ruled that the evidence was highly prejudicial, not relevant and, therefore, inadmissible.

■ In his petition, appellant cited *Wicoff v. State*, 321 Ark. 97, 900 S.W.2d 187 (1995), in support of his argument. But, in *Wicoff*, trial counsel had not filed a motion for a hearing on the victim's prior sexual conduct, and also failed to call witnesses to impeach the victim's testimony. We indicated in *Wicoff* that the

failure to file the motion alone might not have been sufficient under the circumstances to establish ineffective assistance, and only because it was coupled with the attorney's failure to call witnesses who were available to impeach the victim's testimony were we able to find that the trial court had erred in determining that counsel was not ineffective. Here, trial counsel filed a motion, which was denied, and presented witnesses to impeach the victim and to provide testimony concerning the victim's exposure to pornographic video tapes. Unlike *Wicoff*, counsel in this case was able to provide evidence in support of his argument that the victim was lying and had sufficient knowledge to provide details of a sexual encounter. Appellant did not make a showing that he was prejudiced, even had counsel erred as he asserted.

Appellant next alleges trial counsel erred in failing to request that the jury be instructed as to alternative sentencing. The trial court found that appellant had been convicted of three Class Y felonies and that alternative sentencing was not available to him. While the court incorrectly concluded that attempted rape and second degree sexual assault were Class Y felonies, we nevertheless agree that appellant did not show that he would have been prejudiced by the asserted error.

For claims of ineffective assistance in the sentencing phase, in cases that do not involve the death penalty, a defendant who has received a sentence less than the maximum sentence for the offense cannot show prejudice from the sentence itself. *State v. Smith*, 368 Ark. 620, 249 S.W.3d 119 (2007). Rape was a Class Y felony for which alternative sentencing was not available under Ark. Code Ann. § 5-4-301 (Repl. 2006). Attempted rape was a Class A felony under Ark. Code Ann. § 5-3-203 (Repl. 1997) and second degree sexual assault was a Class B felony under Ark. Code Ann. § 5-14-125 (Supp. 2001). Appellant did not receive the maximum sentence for any of those charges as provided in Ark. Code Ann. § 5-4-401 (Repl. 2006).

Moreover, as the State points out, appellant did not receive the minimum sentence as to any of the charges. Both the verdict forms and the closing arguments made clear that the jury did not have to impose any sentence, but could have simply fined appellant for the Class A and Class B felony charges. Had the jury received any instructions concerning the availability of alternative sentencing, appellant could not show that the result would have been any different under these circumstances.

Appellant asserts in his next point that trial counsel was ineffective for failing to object to certain statements by the prosecution made during closing arguments. The trial court found that the alleged statements were not so prejudicial as to influence the outcome of the trial and that the instruction to the jury that closing arguments were not evidence would have cured any error. We agree that appellant made no showing of error or prejudice.

Because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. *Howard*, 367 Ark. at 44-45, 238 S.W.3d at 44. Appellant alleged in his amended petition that the prosecution had made the statement to the jury that "the defendant was a rapist and that they must convict him of all the charges." Near the end of his final argument, the prosecutor told the jury that the only question was whether they believed the victim, and that, if so, "then that man is a rapist." The statement was not an egregious misstatement.

The court of appeals held that the testimony of the victim provided sufficient evidence to support a conviction on the rape charge. The statement by the prosecution was therefore a reasonable inference that could be drawn from the evidence presented. Any objection would not have had merit, and there was neither error by counsel nor prejudice to the defense resulting from counsel's failure to make that objection.

Next, appellant argues that counsel was ineffective because he failed to object to the victim's testifying from a position that was not within appellant's line of sight. Appellant alleges that those circumstances denied him his right to confront the witness, and that counsel was ineffective for failing to raise the issue so that a specific finding could be made by the trial court. Yet, the record indicates that the victim was able to point to the defendant from the stand and describe his clothing. While appellant alleged in his amended petition that the bench obstructed his view of the victim so that he could not see the victim as she testified, the victim clearly could see the appellant. Appellant has not alleged that he made counsel aware that his view was obstructed or that counsel's own view of the witness was obstructed, and it does not appear from the record that counsel could have been aware of those

circumstances unless appellant called the matter to his attention. Counsel could not be ineffective for failing to raise the objection based upon circumstances that were neither obvious nor brought to his attention by his client.

 Moreover, even were counsel aware of the purported obstruction to appellant's view of the witness, appellant did not meet his burden to show that an objection would have been successful, or that, even if successful, the resulting repositioning would have altered the outcome of the trial. Appellant acknowledges the limitations set forth on his right to confront a child witness as set forth in *Smith v. State*, 340 Ark. 116, 8 S.W.3d 534 (2000). The victim was not required by the Confrontation Clause to be placed in a position where the accused could establish eye contact. At most, a successful objection would have resulted in the court positioning appellant so that he could better view the witness. From the record of the pretrial hearings it is apparent appellant's defense from the onset was an attack on the victim's credibility, and careful observation would not have altered those tactics. Because the victim was ten years old at the time of trial, the court would not have required the victim to be placed so as to be forced to establish eye contact with appellant. Even if there were a constitutional violation and trial counsel failed to raise an objection to it, appellant did not make a showing that he would have been prejudiced by it.

Appellant next alleges that counsel was ineffective for failing to object to the suppression of certain statements by appellant's father. The trial court found that the statements were hearsay, subject to the court's discretion, and properly excluded. While appellant did not in his petition and does not in his brief indicate what specific statements are at issue, he indicates that the statements were made to the investigating officer who testified at the rape shield statute hearing. In response to questioning by the defense, the officer testified that appellant's father made statements about the victim's prior sexual conduct and stated that the victim would lie.

As previously discussed, trial counsel did contest exclusion of the statements. Counsel asserted at the pretrial hearing on applicability of the rape shield statute that he should at least be allowed to cross examine the victim concerning the prior sexual conduct. The trial court in the pretrial hearing specifically ruled that the statements were hearsay because appellant's father had

died and could not be called as a witness, and further cautioned that statements concerning prior conduct must be excluded under the rape shield statute. The trial court found that the statements were so inflammatory as to outweigh any relevancy.

Appellant provided no basis in his petition by which trial counsel might have successfully countered the trial court's findings on these issues. He argued that the statements, apparently referring to the statements concerning prior sexual conduct, were not false and that counsel could have provided testimony to that effect. But, the trial court specifically found that the statements would have been excluded, whether the victim denied them or not, because they were inflammatory. A showing of the truthfulness of the statements would have had no effect on the trial court's decision. Appellant failed to make a showing that any further objection by counsel would have had merit.

In appellant's last point, he contends that trial counsel failed to convey to the prosecution a counteroffer that he proposed in response to a plea offer. The trial court found that plea negotiations did not have any bearing on the outcome of the trial. Plea negotiations may have some bearing as to a defendant's sentence, but, in this case, appellant did not make a showing in his petition of any prejudice concerning his sentence.

Appellant contended in his petition that the State made an offer the day before the trial. By proposing a counteroffer, appellant rejected the State's offer. Appellant asserted that counsel failed to convey this counteroffer to the prosecution. While appellant asserted that he would have accepted the original offer if his counteroffer were not accepted, appellant did not allege that he provided that instruction along with his counteroffer when it was conveyed to counsel. Nor did appellant provide any information in the petition as to what sentence was to be recommended in either the State's offer or the counteroffer. But, in any event, appellant did not, and cannot, claim that the State would have accepted any counteroffer, or that the original offer, or any other offer, would have been extended by the State following the proposal of the counteroffer. Appellant therefore failed to show that he was prejudiced by any failure of counsel to convey the counteroffer to the prosecution.

The trial court was not clearly erroneous in determining that the petition and record of the case show that appellant was entitled

to no relief. The record now before us conclusively shows that the petition was without merit. Accordingly, we affirm the trial court's denial of postconviction relief.

Affirmed.