2010 Ark. 28

**Laurie JAMETT a/k/a Laurie Jammett, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–976.**

Supreme Court of Arkansas.

Jan. 21, 2010.

No briefs filed.

PER CURIAM.

In 2005, appellant Laurie Jamett, who is also known as Laurie Jammett, was charged with two counts of delivery of a controlled substance, one count of possession of a controlled substance with intent to deliver, one count of possession of a controlled substance, and one count of possession of drug paraphernalia. Subsequent to an adverse ruling on appellant's motion to suppress evidence, appellant entered a conditional plea of guilty, pursuant to Arkansas Rule of Criminal Procedure 24.3(b) (2006), reserving in writing the right to withdraw the guilty plea should the trial court's determination on the suppression motion be overturned on appeal. The court accepted appellant's guilty plea and imposed, as negotiated, an aggregate sentence of twenty-five years' imprisonment in the Arkansas Department of Correction and twenty-five years' suspended imposition of sentence, the two periods to run consecutively.

Pursuant to the condition of the plea, appellant timely filed a direct appeal of the trial court's suppression ruling; the court of appeals affirmed. *Jammett v. State*, CACR 06–915, 2007 WL 1697315 (Ark. App. June 13, 2007). Appellant then timely filed a petition for postconviction relief in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.1 (2007) on August 17, 2007. The petition was denied

without a hearing by the trial court on May 14, 2008. Appellant timely filed the instant appeal on June 9, 2008.

As grounds for relief under Rule 37.1, appellant alleged that trial counsel was ineffective for failing to present certain mitigating evidence to the trial court during sentencing; that the prosecutor breached his duty to inform the trial court of certain mitigating evidence; and that, due to the failures of trial counsel and the prosecutor, appellant was sentenced in a constitutionally defective process in violation of her due process rights. On appeal, appellant contends that the trial court erred in denying the claims and in dismissing her petition without a hearing. Appellant asks that the matter be remanded to the trial court for an evidentiary hearing. We find no error, and we affirm.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam); *Davis v. State*, 366 Ark. 401, 235 S.W.3d 902 (2006) (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Anderson v. State*, 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam).

When a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel. *French v. State*, 2009 Ark. 443, 2009 WL 3047356, at 2–3 (per curiam); *State v. Herred*, 332 Ark. 241, 964 S.W.2d 391 (1998). This is true even of a conditional guilty plea, as a defendant's receipt of an unfavorable ruling on appeal makes that plea final and it is treated the same as any other plea of guilty. *Scalco v. City of Russellville*, 318 Ark. 65, 69, 883 S.W.2d 813, 815 (1994). Thus, we will only address appellant's ineffective assistance of counsel claim and her argument that the trial court erred in dismissing appellant's Rule 37.1 petition without holding an evidentiary hearing.[1] Appellant's additional arguments alleging prosecutorial misconduct and due-process violations are procedurally barred.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was effective. *Small*, 371 Ark. 244, 264 S.W.3d 512. Under the *Strickland* test, a claimant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. *Thomas v. State*, 330 Ark. 442, 447, 954 S.W.2d 255, 257

---

1. Appeal of the trial court's decision not to hold an evidentiary hearing prior to denying relief on the petition is permissible as an appeal not from the guilty plea, but from the denial of the petition for postconviction relief. *See State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990); *see generally Bryant v. State*, 323 Ark. 130, 913 S.W.2d 257 (1996) (allowing appeal from the trial court's decision to deny Rule 37.1 relief without an evidentiary hearing while also noting that the only claims cognizable in Rule 37 proceedings following a guilty plea are those which allege that the plea was not made voluntarily and intelligently or was entered without effective assistance of counsel).

(1997); *see also Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). An appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as her plea rests upon her admission in open court that she did the act with which she was charged. *Cox v. State*, 299 Ark. 312, 772 S.W.2d 336 (1989). To establish prejudice and prove that she was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit v. State*, 339 Ark. 481, 483, 6 S.W.3d 109, 111 (1999) (per curiam) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

◼ Appellant argues that trial counsel was ineffective for failing to inform the court prior to sentencing about a conversation appellant allegedly had with Detective Kelly of the Rogers Police Department. According to appellant, after she was arrested, she was told by Detective Kelly that, if she would assist the police in setting up the arrest of her drug supplier through a controlled buy in her home, the police would make sure that the prosecutor and trial court were aware of her help so that it could be taken into consideration during sentencing. Appellant "understood [this promise] to mean that [Detective Kelly] would make sure the prosecutor and the judge knew that [she] had cooperated with the police, and would ask for a lenient sentence."

Appellant claims that, based on her understanding of Detective Kelly's offer, she agreed to help the police the following day. An unknown number of officers hid in and around appellant's house while appellant, wearing a surveillance wire, purchased a quantity of drugs from a man known as "Julio." When the sale was completed, appellant states that the police "burst into the room with guns drawn ... and arrested [Julio]."

Appellant further alleges that she disclosed all of this information to her trial counsel, but trial counsel never confirmed to appellant whether he had relayed the information to the prosecutor. Instead, appellant claims that trial counsel first informed her of the aforementioned negotiated plea offer on the day of trial, that counsel claimed those were the only terms that the prosecutor was willing to offer, and that a sentence resulting from a guilty verdict at trial would be worse. During the plea hearing, trial counsel, the prosecutor, and appellant all failed to mention to the court appellant's assistance to the police or her conversation with Detective Kelly.

◼ Appellant now contends that such failure by her attorney amounts to ineffective assistance of counsel under *Strickland*.[2] Appellant is explicit that she is not challenging her guilty plea itself, or even that, had trial counsel informed the judge of appellant's conversation with the police, she would not have pleaded guilty and would have, instead, taken her chances at trial. Rather, appellant argues that she had a guaranteed right to present mitigating evidence to the court for sentencing

**2.** Appellant also argues that trial counsel's failure to inform the prosecutor of the mitigating evidence amounts to ineffective assistance of counsel. However, appellant cites no case law that suggests that a failure on the part of trial counsel during plea bargaining may constitute ineffective assistance. We need not consider an argument, even a constitutional one, when a claimant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003).

purposes, that trial counsel's failure to so inform the court abrogated appellant's right, and that this failure became ineffective assistance of counsel when it resulted in prejudice in the form of a more severe sentence than appellant might have otherwise received. This argument is unavailing; appellant is incorrect with respect to her right to present mitigating evidence following her guilty plea, and she fails to establish prejudice under *Buchheit v. State*, 339 Ark. at 483, 6 S.W.3d at 111.

 Appellant ignores the fact that the sentence imposed was part and parcel of the plea agreement itself. The plea agreement signed by appellant stated that she "agree[d] to enter a conditional plea of guilty to" the five charges against her. In exchange, the "prosecuting attorney agree[d] to recommend the following: 1. Commitment/Suspended Sentence: 25 years with [an additional] 25 years suspended." We apply general contract principles in interpreting plea agreements. *Green v. State*, 2009 Ark. 113, 313 S.W.3d 521. Under the terms of the agreement, both parties bargained for and received substantial benefits. *See id.* A subsequent attempt by appellant to alter the terms of the agreement by seeking a lower sentence than the one she contracted for would have been a breach of the agreement. *Id.* The appropriate remedy for such a breach would have been for the trial court to vacate the plea agreement and restore the parties to the respective positions prior to the agreement. *Id.* Thus, an attempt to mitigate and reduce the agreed-upon term of years could not have resulted in a lower sentence for appellant; she would have lost her bargained-for sentence entirely and gone to trial, where she

faced possible life imprisonment if convicted.

Inasmuch as appellant ignores the contractual implications of a plea agreement, her citation to *Hunter v. State*, 264 Ark. 195, 570 S.W.2d 267 (1978), for the proposition that a criminal defendant is always entitled to present mitigating circumstances for sentencing purposes is in error. At issue in *Hunter* was sentencing by a jury following a trial, not sentencing by the trial court following a guilty plea entered in exchange for a negotiated term of years.[3] Additionally, the proposition in *Hunter* that appellant points to is arguably dicta, as the issue had not been properly preserved in the trial court for appeal and was therefore not a factor in the appellate court's decision.

Further, as we have already stated, to establish prejudice and prove that she was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit*, 339 Ark. at 483, 6 S.W.3d at 111. It would defy all logic for appellant to assert that she would not have entered a plea for the agreed-upon sentence if trial counsel had presented mitigating evidence, as any presentation of mitigating evidence would have occurred subsequent to appellant entering the guilty plea, which she admits was entered knowingly and intelligently. Appellant offers no authority to suggest that she can overcome this logical flaw and establish ineffective assistance of counsel under *Strickland* merely by arguing against the propriety of her sentence.[4]

---

3. *Hunter* states only that "the legislature intended for the jury to consider all the aggravating and mitigating circumstances *shown by the evidence*[.]" *Hunter*, 264 Ark. at 197, 570 S.W.2d at 268 (emphasis added).

4. Any claim of prejudice based on the severity of the sentence is an issue for a plea for

In addition to this logical flaw, had appellant asserted that she would not have pleaded guilty, her claim would also fail based upon her own statements at the plea hearing. We have stated that, where the record shows that the trial court questioned a defendant about whether he was satisfied with his attorney and whether his guilty plea was freely and voluntarily made, and defendant answered in the affirmative, the defendant could not subsequently claim ineffective assistance of counsel on those grounds in a Rule 37.1 petition because he had an opportunity to raise the issue prior to his plea and failed to do so. *Douthitt v. State,* 283 Ark. 177, 182–83, 671 S.W.2d 746, 749 (1984). The plea hearing transcript shows clearly that appellant informed the court that she was entering the plea of her own free will, with no outside promises or threats, and that she was satisfied with the performance of her attorney. In addition to her claims regarding trial counsel's failure to properly inform the trial court, appellant alleges a failure by counsel to investigate mitigating evidence and argues that this failure amounts to ineffective assistance of counsel. This argument was not presented to the trial court in appellant's original Rule 37.1 petition, however. All grounds for relief pursuant to Rule 37.1 must be asserted in the original or amended petition. Ark. R.Crim.P. 37.2(b), (e) (2006). We do not consider issues that are raised for the first time on appeal. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006).

Appellant also argues that the trial court erred in denying relief on her Rule 37.1 petition without first holding an evidentiary hearing. By way of analogy to Arkansas Rule of Civil Procedure 12(b)(6) (2006), she argues that all allegations made by an appellant should be taken "at face value," in the light most favorable to the appellant, when a trial court is deciding whether to summarily deny relief on a Rule 37.1 petition without holding an evidentiary hearing. We do not agree. The standard we have articulated numerous times is that a court may deny relief without a hearing where the files and records of the case conclusively show that the petitioner is entitled to no relief. *See, e.g., Brown v. State,* 291 Ark. 143, 145, 722 S.W.2d 845, 847 (1987). Here, the trial court examined the record, found appellant's ineffective assistance of counsel claims without merit, entered written findings to that effect, and denied the petition without a hearing. Because we agree that the record conclusively shows appellant's petition to be without merit, we cannot say that the trial court's decision to dismiss without a hearing was clearly erroneous. Accordingly, the order is affirmed.

Affirmed.

executive clemency and is unavailing in a Rule 37.1 petition. *Pettit v. State,* 296 Ark. 423, 758 S.W.2d 1 (1988).