2010 Ark. 137

**Ricky L. SMITH, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–900.**

Supreme Court of Arkansas.

March 18, 2010.

---

1. Sandoval argued a violation of his Fourth Amendment rights.

J. Sky Tapp, Hot Springs, for appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2005, following a jury trial, appellant Ricky L. Smith was found guilty of second-degree murder[1] and sentenced to twenty years' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Smith v. State,* CACR 06–169, 2007 WL 1765540 (Ark.App. June 20, 2007) (unpublished). Appellant filed a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2009), and, following a hearing, that petition was denied.

Now before us is appellant's appeal from the trial court's May 16, 2008 order denying postconviction relief. Appellant raises five points on appeal, alleging that trial counsel was ineffective for (1) failing to call two known alibi witnesses to testify, (2) failing to hire independent DNA or forensic experts, (3) failing to properly investigate or interview witnesses, (4) failing to request adequate time to prepare after receiving last-minute statements that were possibly exculpatory, and (5) failing to preserve certain issues for appeal. We find no error, and we affirm.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Jamett v. State,* 2010 Ark. 28, 358 S.W.3d 874 (per curiam) (citing *Britt v. State,* 2009 Ark. 569, 349 S.W.3d 290 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evi-

---

1. Appellant was charged with first-degree murder, but he was convicted of the lesser-included felony.

dence, is left with the definite and firm conviction that a mistake has been committed. *Jamett*, 2010 Ark. 28, 358 S.W.3d 874; *Anderson v. State*, 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). In making a determination on a claim of ineffectiveness of counsel, the totality of the evidence before the factfinder must be considered. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). We defer to the trial court's determination of credibility on Rule 37.1 appeals. *Id.* at 95, 263 S.W.3d at 546.

■ In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *French v. State*, 2009 Ark. 443, 2009 WL 3047356 (per curiam); *Small*, 371 Ark. 244, 264 S.W.3d 512. Under the two-pronged *Strickland* test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007); *Barrett*, 371 Ark. at 95–96, 263 S.W.3d at 546. In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Barrett*, 371 Ark. at 96, 263 S.W.3d at 546.

■ As to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Jamett*, 2010 Ark. 28, at 3–

4, 358 S.W.3d 874; *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the factfinder's decision would have been different absent counsel's errors. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■ Appellant's first point on appeal is that trial counsel was ineffective for failing to call two "known alibi witnesses" to testify. For ineffective assistance claims based on failure to call a witness, this court has held that it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam) (citing *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004)). Appellant satisfies this first requirement, in that he proffers the testimony of his mother and stepfather, and he avers that both witnesses would have testified that appellant was at home with them at the time the murder occurred. Appellant contends that trial counsel's performance was deficient because, based on the totality of the circumstances, a reasonable attorney would have put these witnesses on the stand. He further alleges prejudice in that he would not have been convicted had the witnesses been called.

Based on the testimony of trial counsel and the alibi witnesses at appellant's Rule 37.1 hearing, the trial court found that trial counsel's decision not to call the witnesses was a strategic decision, that the witnesses' testimony was not credible, and that the jury would likely have found the testimony so unbelievable as to actually work against appellant's defense. In response, appellant cites *Barrett*, 371 Ark. 91, 263 S.W.3d 542, wherein we held that

even strategic decisions can amount to ineffective assistance of counsel if they are not supported by reasonable professional judgment. This case is easily distinguishable from *Barrett,* however.

In *Barrett,* we affirmed the trial court's granting of postconviction relief based on the failure of the defense attorney to develop any theory of defense, to voir dire the jury on the elements or requisite mental states of the crime, to present any evidence or witnesses regarding Barrett's mental state or intent, or to even mention the defendant's theory of defense or possible lack of specific intent during closing arguments. *Barrett,* 371 Ark. at 98–99, 263 S.W.3d at 548. We noted that the failure to present any substantive defense combined with the failure to explain the requisite mental states for the various levels of murder amounted to prejudice under *Strickland* because Barrett was "sympathetic [and] believable" and, had defense counsel presented a theory of accidental death, "there was a reasonable probability that the jury would have had reasonable doubt." *Id.* at 99, 263 S.W.3d at 548. Unlike the circumstances in *Barrett,* however, there is nothing in the record here to suggest that trial counsel failed to adequately voir dire the jury, failed to make a proper closing argument, or otherwise did anything demonstrating such poor professional judgment that would rise to the level of "egregious" failure. *Barrett,* 371 Ark. at 99, 263 S.W.3d at 548.

At the Rule 37.1 hearing, trial counsel testified that the decision not to call the witnesses in question was based on his determination that they were not credible, which was based both on the fact that appellant had initially claimed that he was in the woods hunting when the murder occurred and had said nothing about being at home with his parents as well as the fact that both witnesses gave trial counsel multiple and conflicting versions of the alibi. Trial counsel was concerned that presenting this noncredible testimony to the jury would do appellant more harm than good.[2] Rather than demonstrating a lack of reasonable judgment, counsel's decision not to proffer the testimony here demonstrated a well-reasoned choice regarding trial strategy. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *McCraney v. State,* 2010 Ark. 96, 360 S.W.3d 144; *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74. *Barrett* is simply inapposite to appellant's case, and his citation to *Barrett* is therefore unavailing.

Nor are we persuaded by appellant's citation to *Wicoff v. State,* 321 Ark. 97, 900 S.W.2d 187 (1995). At issue in *Wicoff* was defense counsel's failure to call a witness who would have directly and substantially impeached the credibility of two child victims whose testimony was the only evidence against the defendant, his failure to request a rape-shield hearing to explore the possible relevance of the victims' prior sexual conduct, and his failure to admit readily available substantial evidence that would have further undermined the credibility of the two victims' testimony, including a report from the Arkansas Department of Human Services that would have explained how the young victim-witnesses could have had explicit sexual knowledge. *Id.* Even if these decisions were strategic, we found that they were not reasonable under a totality of the circumstances because there was a reasonable probability that the outcome of the trial would have

---

2. We have previously held that fabricated evidence of innocence is cogent evidence of guilt. *See Anthony v. State,* 332 Ark. 595, 967 S.W.2d 552 (1998).

been different had defense counsel fully explored information concerning the victims' prior sexual contact and, in particular, had he called the witness to testify that one of the victims admitted fabricating the story. *Id.* We reversed the trial court's denial of postconviction relief and remanded for a new trial. *Id.*

Appellant's case does not present a scenario like *Wicoff.* The witness in *Wicoff* would have testified that one of the victims admitted that she had made up the accusations against the defendant, and there was also extrinsic evidence in the form a of a Department of Human Services report that would have supported the witness's testimony. In the instant case, the testimony of appellant's mother and stepfather did not speak to the fabrication of the alleged crime, but only attempted to place appellant away from the crime scene, and this testimony was unsupported by any other evidence. In addition, whereas there was nothing in *Wicoff* to suggest that the witness was not telling the truth, trial counsel in the instant case testified at the Rule 37.1 hearing that the witnesses were not believable because they both had given multiple and contradictory versions of appellant's alibi, and because appellant had not said anything about being at home when initially asked by trial counsel if he had an alibi. Finally, and perhaps most importantly, we stated in *Wicoff* that, based on the totality of the circumstances, when the omitted testimony and evidence were weighed against the State's evidence, there was a reasonable probability that the outcome would have been different. In the instant case, we cannot say that offering testimony that both trial counsel and the trial court found unreliable, when weighed against two eyewitnesses' testimony that appellant had committed the crime, would likely have resulted in a different outcome.

The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Britt,* 2009 Ark. 569, 349 S.W.3d 290. The decision not to call a particular witness is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, itself, proof of counsel's ineffectiveness. *Id.* The trial court heard the testimony of the appellant's alibi witnesses at the Rule 37.1 hearing, and we defer to its determination that they were not credible. *Barrett,* 371 Ark. at 95, 263 S.W.3d at 546. As such, we cannot say that the trial court's decision that counsel was not ineffective was clearly erroneous.

Appellant next contends that trial counsel was ineffective for failing to hire independent DNA, medical, or forensic experts to testify that appellant had diabetes and was impotent, thereby undermining the prosecution witnesses' testimony that appellant had sexual intercourse with the victim. We note, however, that it was testified to at trial that there was DNA evidence found in the victim, and that evidence did not match appellant's DNA. We agree with the trial court that, at least vis-à-vis appellant, it is unclear what more could have been done with the DNA evidence that would have aided the defense.

Appellant argues, however, that trial counsel should have hired experts who had access to more advanced testing to try to determine the identity of the person who left the DNA evidence. Appellant contends, without any citation to authority, that failure to hire such experts constitutes ineffective assistance. We do not agree. To the extent that appellant is alleging a failure to adequately investigate, he fails to show what new evidence that

would have benefitted appellant would have been found via a more searching investigation. *See Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). Appellant was convicted despite testimony that the DNA evidence was not his; we fail to see how attaching a name to evidence that did not factor in appellant's conviction would have changed the outcome. Conversely, to the extent that appellant is arguing that he is actually innocent of the murder, such a claim is not cognizable in a Rule 37.1 petition. *See Johnson v. State,* 321 Ark. 117, 900 S.W.2d 940 (1995). In either case, appellant has not established ineffective assistance under *Strickland.*

▬▬▬▬ ₉For his third point on appeal, appellant contends that trial counsel was ineffective for failing to investigate and interview potentially helpful witnesses whose names were given to counsel by appellant's ex-wife, mother, and sister-in-law. This argument is not preserved for appeal. All grounds for relief pursuant to Rule 37.1 must be asserted in the original or amended petition. Ark. R.Crim. P. 37.2(b), (e) (2006); *Jamett,* 2010 Ark. 28, 358 S.W.3d 874. We do not consider issues which are raised for the first time on appeal. *Jamett,* 2010 Ark. 28, 358 S.W.3d 874; *see Howard,* 367 Ark. 18, 238 S.W.3d 24.

Appellant contends that this issue was raised in his original petition. However, we note that, while he rephrases his argument on appeal to concern "witnesses" generally, appellant's original Rule 37.1 petition claimed only that trial counsel was ineffective for failing to interview and investigate *prosecution* witnesses. The petition alleged nothing regarding a failure to interview defense witnesses. In listing appellant's grounds for relief, the trial court's opinion says "3. Failed to investigate and interview prosecution witnesses." At the Rule 37.1 hearing, appellant's attorney ref-

erenced the petition, stating "the grounds for relief specifically state 'failed to investigate/interview prosecution witnesses.'" The court's order contained findings that trial counsel had, in fact, investigated prosecution witnesses, both by reviewing transcripts, tapes, and videos of the witnesses' statements as well as by "going out and conducting an investigation of his own." Thus, any argument based on trial counsel's failure to investigate potential defense witnesses was not raised in appellant's original petition, and appellant is barred from raising it for the first time on appeal.

▬▬▬ ₁₀Appellant's fourth point on appeal is that trial counsel was ineffective for failing to request a continuance after he received statements that were possibly exculpatory "five minutes" prior to trial. As with appellant's previous argument, this allegation was not presented to the trial court in appellant's original Rule 37.1 petition. Appellant contends that this issue was raised in the original petition when he alleged failure by trial counsel to investigate and interview prosecution witnesses. As a failure to investigate witnesses and a failure to ask for a continuance are clearly not the same issue, this argument is without merit, and appellant is barred from raising this issue for the first time on appeal. *Jamett,* 2010 Ark. 28, 358 S.W.3d 874.

▬▬▬ Regarding each of appellant's previous two arguments, we note that the trial court's order denying postconviction relief did not discuss any alleged failure to interview defense witnesses or failure to request a continuance. Thus, even if we were to liberally construe appellant's original petition to encompass both of the points he now raises on appeal, we would nevertheless remain barred from addressing these issues due to appellant's failure to get a ruling from the trial court. *See Viveros v. State,* 2009 Ark. 548, 2009 WL

3681672 (per curiam); *Beshears v. State,* 340 Ark. 70, 73, 8 S.W.3d 32, 34 (2000).

Appellant's final point on appeal is that trial counsel was ineffective for failing to preserve the issue of a speedy-trial violation for appeal. In appellant's direct appeal, he argued that the trial court's decision to exclude the time period between June 21 and July 27, 2005, was erroneous. *Smith,* CACR 06–169 at 5. The court of appeals determined that trial counsel had not made such an argument to the trial court. *Id.* As such, the issue was not preserved for appeal, and the court of appeals could not consider it.

In his Rule 37.1 petition, appellant argued that trial counsel's failure to make this argument and preserve the issue for appeal was ineffective assistance. In the order denying relief, the trial court stated that appellant was not entitled to any relief on this claim because he did not establish that, but for trial counsel's errors, the outcome would have been different, and appellant therefore failed to show how he was prejudiced by any alleged failure to preserve the issue for appeal.

On appeal from the trial court's denial of postconviction relief, appellant argues that the court's determination was clearly erroneous inasmuch as prejudice from counsel's failure to preserve the speedy-trial issue is self-evident. Appellant contends that, had trial counsel preserved the issue properly, the court of appeals would have reversed the conviction, and the charges against appellant would have been dismissed. This argument is unavailing, however, in that it erroneously presupposes that the trial court's decision to exclude the period between June 21 and July 27, 2005, was actually incorrect, and it omits the crucial determination of whether appellant was in fact tried in violation of the speedy-trial rule. *See Camargo v. State,* 346 Ark. 118, 55 S.W.3d 255 (2001).

Only where a petitioner was tried in violation of the speedy-trial rule can he establish that, but for trial counsel's failure to preserve the issue for appeal, the court of appeals would not have affirmed his conviction. *See id.; see generally Sparkman,* 373 Ark. 45, 281 S.W.3d 277 (failure to preserve issue of suppression of a custodial statement for appeal was ineffective assistance where statement was actually taken in violation of Sixth Amendment right to counsel). Without such a showing, appellant cannot demonstrate the actual prejudice required under *Strickland* to establish ineffective assistance of counsel. *Camargo,* 346 Ark. 118, 55 S.W.3d 255. The burden is on appellant to provide facts that affirmatively support his claims of prejudice. *Nelson v. State,* 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam); *see Long v. State,* 294 Ark. 362, 742 S.W.2d 942 (1988) (placing burden on a petitioner under Rule 37.1 to allege grounds which show a factual basis for some entitlement to relief). Conclusory statements cannot form the basis of postconviction relief. *Long,* 294 Ark. 362, 742 S.W.2d 942. Thus, to establish prejudice, appellant must provide sufficient facts and evidence that establish that the time period between June 21 and July 27, 2005, should not have been excluded.

Arkansas Rule of Criminal Procedure 28.3(b) states

28.3 (b) The period of delay resulting from a continuance attributable to congestion of the trial docket [shall be excluded for purposes of speedy trial] if in a written order or docket entry at the time continuance is granted:

(1) the court explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled;

(2) the court determines that the delay will not prejudice the defendant; and

(3) the court schedules the trial on the next available date permitted by the trial docket.

Ark. R.Crim. P. 28.3(b)(1)–(3).

In the instant case, the trial court order continuing the trial until July 27–29, 2005, noted that the time period should be excluded for speedy-trial calculation because the trial could require multiple days, the prior trial date would not allow for additional days due to a full docket already scheduled for the following day, the new trial dates were the first available dates permitted by the docket that would accommodate a three-day trial, and continuance to this new date would not prejudice the defendant. Despite his burden to affirmatively support his claim of prejudice, neither appellant's original petition nor his brief in the instant appeal present any evidence or authority to rebut the court's findings or its determination that the period should be excluded. Similarly, appellant's failure to provide any docket sheets or other evidence in support of his argument leave this court at a disadvantage when trying to determine whether the trial court erred in excluding the period in question under Rule 28.3. *See Hicks v. State*, 340 Ark. 605, 611, 12 S.W.3d 219, 223 (2000).

We are mindful of our decisions holding that docket congestion, without more, is generally not just cause for breaching the speedy-trial rule. *See, e.g., Moody v. Ark. Cnty. Cir. Ct.*, 350 Ark. 176, 85 S.W.3d 534 (2002). However, where a trial was continued due to docket congestion, was postponed only until the first-available date that the docket could accommodate the trial, and such postponement was accompanied by a written order or docket entry detailing the reason for the delay, we have held that sufficient under Rule 28.3 to exclude the time period for speedy-trial calculation purposes. *See id.* Also, we have held that the possibility of a trial extending into days that already have a full, regular docket scheduled is the type of situation envisioned by Rule 28.3. *See Stanley v. State*, 297 Ark. 586, 764 S.W.2d 426 (1989). Given this, appellant's failure to provide any evidence or authority to the contrary is fatal to his argument, and he is entitled to no relief thereon.[3] *See Nelson*, 344 Ark. 407, 39 S.W.3d 791 (Appellant has the burden of proving that his attorney's strategic decision was professionally unreasonable.); *Long*, 294 Ark. 362, 742 S.W.2d 942. Our review of trial counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to

---

3. Appellant incorrectly argues that the law-of-the-case doctrine ipso facto establishes ineffective assistance of counsel based on trial counsel's failure to preserve this issue for appeal. The doctrine of the law of the case provides that the decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999). Matters settled on direct appeal become the law of the case and may not be re-raised in a Rule 37.1 petition or an appeal from the trial court's denial of such a petition. *See Johnson v. State*, 2009 Ark. 541, 2009 WL 3681861; *see generally State v. Fudge*, 361 Ark. 412, 206

S.W.3d 850 (2005). The court of appeals' decision in *Smith*, however, did not reference ineffective assistance of counsel. That decision only held that counsel had failed to argue that the June 20–July 27 period should not have been excluded and that counsel failed to object to the continuance, thus the court could not address the issue on appeal. The law-of-the-case doctrine does not bar consideration of an issue unless there has been an adjudication of the issue in the direct appeal; where a procedural bar prevents the court from reaching the merits of the issue, the issue has not been adjudicated. *Jackson v. State*, 2009 Ark. 572, 2009 WL 3788895 (per curiam).

reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Barrett,* 371 Ark. at 97, 263 S.W.3d at 547. With that in mind, and based on all of the foregoing, we cannot say that the trial court's decision that trial counsel was not ineffective was clearly erroneous, and we affirm the order denying postconviction relief.

Affirmed.