2011 Ark. 248

**Duane J. GONDER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–1300.**

Supreme Court of Arkansas.

June 2, 2011.

Duane J. Gonder, pro se.

No response.

PER CURIAM.

Appellant Duane J. Gonder was charged with capital murder, aggravated assault, aggravated residential burglary, kidnapping, and furnishing prohibited articles. Pursuant to a plea agreement, the capital-murder charge was reduced to first-degree murder; the kidnapping and burglary charges were dropped; and appellant pleaded guilty in Drew County Circuit Court to one charge each of first-degree murder, aggravated assault, and furnishing prohibited articles. He was sentenced to a cumulative term of 552 months' imprisonment in the Arkansas Department of Correction.

Appellant first petitioned the trial court for a sentence reduction under Arkansas Code Annotated § 16-90-111 (Repl.2006) on the grounds that (1) appellant's sentence placed an extreme burden on his family because his mother relied on both appellant and appellant's brother (the murder victim) for support and that (2) appellant's attorney had failed to inform the court prior to sentencing that the victim was also armed, which would have helped appellant obtain a more lenient sentence. The trial court denied relief on this petition in a written order on October 4, 2010, holding that the request for sentence reduction based on appellant's mother's financial burden was, in effect, a request for leniency, which is an argument for executive clemency, not an issue for the trial court. Further, the trial court held that appellant's argument regarding ineffective assistance must be brought under Arkansas Rule of Criminal Procedure 37.1 (2011), not under a petition for sentence reduction.

Appellant's subsequent Rule 37.1 petition for postconviction relief reiterated the claim that his attorney had been ineffective for failing to introduce that the victim also had a gun. Appellant further asserted that, had his attorney been willing to introduce the victim's weapon at trial, appellant would not have pleaded guilty, but would have proceeded to trial. Therefore, appellant asked for his sentence to be nullified, for the court to grant him an evidentiary hearing, and for a new trial. The trial court denied this petition in a written order dated November 23, 2010, finding that it was "illogical" to argue that counsel should have presented mitigating evidence when appellant was receiving exactly what he had bargained for with the state, i.e. dropped charges and reduced charges in exchange for a specific term of years.

Appellant timely filed notices of appeal from both the October 4, 2010 order and the November 23, 2010 order, and those appeals were consolidated in this court. Now before us is appellant's pro se motion for appointment of counsel. We need not address the merits of appellant's motion because it is clear from the record that appellant could not prevail if his appeal were permitted to go forward. Accordingly, the appeal is dismissed and the motion for appointment of counsel is moot. An appeal from an order that denied a petition for postconviction relief will not be permitted to proceed where it is clear that the appellant could not prevail. *Goldsmith v. State*, 2010 Ark. 158, 2010 WL 1253187 (per curiam); *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Meraz v. State*, 2010 Ark. 121, 2010 WL 844885 (per curiam); *Smith v. State*, 367 Ark. 611, 242 S.W.3d 253 (2006) (per curiam).

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d

874 (per curiam) (citing *Britt v. State,* 2009 Ark. 569, 349 S.W.3d 290 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Jamett,* 2010 Ark. 28, 358 S.W.3d 874; *Anderson v. State,* 2009 Ark. 493, 2009 WL 3235533 (per curiam). In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *French v. State,* 2009 Ark. 443, 2009 WL 3047356 (per curiam); *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007).

As a threshold matter, we note that, while the trial court treated appellant's first petition as a request for relief under Arkansas Code Annotated § 16–90–111, we have held that a petition that seeks postconviction relief cognizable under Rule of Criminal Procedure 37.1 is governed by that rule, regardless of the label placed on it by a petitioner. *See Musgrove v. State,* 2010 Ark. 458, 2010 WL 4680272 (per curiam); *Carter v. State,* 2010 Ark. 349, 2010 WL 3722001 (per curiam); *Jackson v. State,* 2010 Ark. 157, 2010 WL 1366994 (per curiam); *McLeod v. State,* 2010 Ark. 95, 2010 WL 682266 (per curiam). We have frequently held that, where, as here, a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *See Jamett,* 2010 Ark. 28, 358 S.W.3d 874; *French,* 2009 Ark. 443, 2009 WL 3047356; *State v.*

*Herred,* 332 Ark. 241, 964 S.W.2d 391 (1998). Therefore, because he requested relief based on a claim of ineffective assistance of counsel, appellant's first petition should have been considered by the trial court as a petition for postconviction relief under that rule. *See* Ark. R.Crim. P. 37.1(a); *Musgrove,* 2010 Ark. 458, 2010 WL 4680272.

Under the two-pronged *Strickland* test, a petitioner making a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the U.S. Constitution. *Harrison v. State,* 371 Ark. 474, 268 S.W.3d 324 (2007). In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Barrett,* 371 Ark. 91, 96, 263 S.W.3d 542, 546.

As to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Jamett,* 2010 Ark. 28, at 3–4, 358 S.W.3d at 876; *Walker v. State,* 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). An appellant who has pleaded guilty normally will have considerable difficulty in proving any prejudice as her plea rests upon her admission in open court that she did the act with which she was charged. *Cox v. State,* 299 Ark. 312, 772 S.W.2d 336 (1989). To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit v. State,* 339 Ark. 481, 483, 6 S.W.3d 109, 111

(1999) (per curiam) (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Appellant argued that his trial counsel was ineffective because the murder victim was armed with a gun, and, according to appellant, had trial counsel informed the trial court of this fact during appellant's guilty plea, appellant would have received a lesser sentence than the one called for in the plea agreement. However, as we explained in *Jamett,* this argument is unavailing because, when a defendant enters a plea of guilty in exchange for a specified term of incarceration, "the sentence imposed [is] part and parcel of the plea agreement itself." 2010 Ark. 28, at 6, 358 S.W.3d at 878.

Under the terms of the plea agreement signed by appellant, if appellant pleaded guilty to the amended charges, "the State [would] recommend" a 552–month sentence and $855 in fines, fees, and costs." We apply general contract principles in interpreting plea agreements. *Jamett,* 2010 Ark. 28, 358 S.W.3d 874 (citing *Green v. State,* 2009 Ark. 113, 313 S.W.3d 521). A subsequent attempt by appellant to alter the terms of the agreement by seeking a lower sentence than the one that he had contracted for would have been a breach of the agreement. *See id.* The appropriate remedy for such a breach would have been for the trial court to vacate the plea agreement and restore the parties to their respective positions prior to the agreement. *See id.* Thus, an attempt to mitigate and reduce the agreed-upon term of years could not have resulted in a lower sentence for appellant; he would have lost his bargained-for sentence entirely and gone to trial on all five original charges, including capital murder, where he potentially could have received a much harsher sentence.

Further, as we have already stated, to establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, an appellant who has pleaded guilty must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have so pleaded and would have insisted on going to trial. *Buchheit,* 339 Ark. at 483, 6 S.W.3d at 111. Appellant did not allege such prejudice; he merely stated that he *might* have received a lesser sentence if his attorney had informed the court about the victim's weapon, and appellant therefore sought to have "a reduction in sentence or in the alternative have the sentences run concurrent." Moreover, any claim of prejudice based on the severity of the sentence is an issue for a plea for executive clemency and is unavailing in a Rule 37.1 petition. *Jamett,* 2010 Ark. 28, at 7 n. 4, 358 S.W.3d at 878 n. 4 (citing *Pettit v. State,* 296 Ark. 423, 758 S.W.2d 1 (1988)).

We note that the trial court's order did not enter findings of fact or law as required by Rule 37.3. However, this court has affirmed the denial of a Rule 37.1 petition notwithstanding the circuit judge's failure to make written findings under Rule 37.3 where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Davenport v. State,* 2011 Ark. 105, 2011 WL 835180 (per curiam) (citing *Reed v. State,* 375 Ark. 277, 289 S.W.3d 921 (2008)). Here, appellant cannot establish that trial counsel had a duty to present evidence of the victim's weapon to the court in the hopes of obtaining a lower sentence or that the failure to present this evidence prejudiced appellant, and it is therefore clear that no relief is warranted. As such, appellant could not pre-

vail if his appeal of the October 4, 2010 order were allowed to proceed.[1]

As noted, after the trial court denied relief on appellant's first petition, appellant filed a petition for postconviction relief under Rule 37.1, asserting the same ineffective assistance of counsel argument that he had included in his first petition, which the trial court denied as meritless in its November 23, 2010 order. However, Rule 37.2(b) provides that all grounds for relief available to a petitioner under the rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. As the first petition filed by appellant was a petition for postconviction relief under Rule 37.1, regardless of the label he placed on it, he was barred from submitting a subsequent petition under that Rule, and his subsequent petition was subject to dismissal on that basis. *See Omar v. State*, 2011 Ark. 55, 2011 WL 539122 (per curiam) (citing *Carter v. State*, 2010 Ark. 349, 2010 WL 3722001 (per curiam)); *see also Halfacre v. State*, 2010 Ark. 377, 2010 WL 3915028 (per curiam). Accordingly, it is clear that appellant could not prevail on his appeal from the November 23, 2010 order.

Inasmuch as appellant could not prevail on his appeal of either of the trial court's orders that denied postconviction relief, we dismiss the appeal. Appellant's motion for appointment of counsel is moot.

Appeal dismissed; motion moot.

1. We need not consider appellant's argument for a reduced sentence based on the hardship to his family caused by his current sentence. Such an argument is, as the trial court noted, a request for leniency, which is an issue for executive clemency rather than a basis for postconviction relief. *See Williams v. State*, 320 Ark. 498, 500, 898 S.W.2d 38, 39 (1995) (explaining that the power to exercise clemency and reduce sentences is vested in the chief executive of this State and not in the courts).