

# SUPREME COURT OF ARKANSAS

No. CR–13-629

| | | |
|---|---|---|
| | | **Opinion Delivered** December 12, 2013 |
| LESLIE YOUNG | APPELLANT | PRO SE APPEAL FROM THE SHARP COUNTY CIRCUIT COURT AND PRO SE PETITION FOR WRIT OF CERTIORARI [68CR-06-06] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HAROLD S. ERWIN, JUDGE |
| | | AFFIRMED; PETITION FOR WRIT OF CERTIORARI MOOT. |

**PER CURIAM**

In 2006, appellant Leslie Young was found guilty by a jury of capital murder, aggravated robbery, attempted arson, and two counts of theft of property. She was sentenced to an aggregate term of life imprisonment without parole plus 636 years. This court affirmed the judgment in part, but remanded for a new suppression hearing. *Young v. State*, 370 Ark. 147, 257 S.W.3d 870 (2007). We later affirmed the trial court's decision following remand to deny the motion to suppress. *Young v. State*, 373 Ark. 41, 281 S.W.3d 255 (2008). The mandate issued on April 8, 2008.

On February 27, 2009, appellant filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2006) that was denied. Appellant did not perfect an appeal, and this court later denied her motion to proceed with an appeal on the ground that the Rule 37.1 petition was not timely filed. *Young v. State*, 2009 Ark. 556 (per

curiam).

On March 22, 2013, appellant filed in the trial court a pro se motion for a new sentencing hearing. In the motion, she contended that her counsel at trial erred in not informing her of a plea bargain offered by the prosecution until after she had been convicted. The motion was denied, and appellant brings this appeal. She has also filed a petition for writ of certiorari to complete the record in which she asks that this court direct the circuit clerk to lodge the appeal record. As the appeal has been lodged here, the petition is moot. We find no error and affirm the trial court's order denying the motion for a new sentencing hearing.

The motion filed in the trial court constituted an untimely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Claims of ineffective assistance of counsel are properly raised under Arkansas law pursuant to Rule 37.1, and a petition that mounts a collateral attack on a judgment based on claims within the purview of Rule 37.1 is governed by that rule regardless of the label placed on it by the petitioner. *Ybarra v. State*, 2013 Ark. 423 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam). As appellant's allegation was cognizable under Rule 37.1, the motion was subject to the time limitations contained in the rule.[1] *Hickman v. State*, 2012 Ark. 359 (per curiam).

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c), when there was an appeal from

---

[1]Appellant cites *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye,* ___ U.S. ___, 132 S. Ct. 1399 (2012), as authority for permitting the issue of ineffective assistance of counsel to be raised in her case five years after the judgment-and-commitment order was affirmed on appeal, but she did not offer any authority that either case was intended to have a retroactive application. *See Chaidez v. United States*, ___ U.S. ___, 133 S. Ct. 1103 (2013) (holding that the ineffective-assistance-of-counsel claim recognized in *Padilla v. Kentucky*, 599 U.S. 356 (2010) concerning counsel's failure to advise the defendant about the risk of deportation arising from a guilty plea did not have a retroactive effect).

a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *Holliday*, 2013 Ark. 47; *Bates v. State*, 2012 Ark. 394 (per curiam); *Talley v. State*, 2012 Ark. 314 (per curiam). The petition before the trial court was not timely filed, and, thus, the trial court had no jurisdiction to grant the relief sought.[2] Where the trial court lacks jurisdiction, the appellate court also lacks jurisdiction. *Holliday*, 2013 Ark. 47; *Winnett v. State*, 2012 Ark. 404 (per curiam).

Appellant also contended in the motion that she was prejudiced by being denied her right to attend any pretrial or omnibus hearing, but that allegation is not raised in appellant's brief on appeal. Thus, the issue is considered abandoned. *Tate v. State*, 2013 Ark. 380 (per curiam).

Affirmed; petition for writ of certiorari moot.

*Leslie Young*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[2] The motion also amounted to a second petition under the Rule and was subject to dismissal on that basis. Rule 37.1(b) does not allow for a second petition to be filed unless the first petition was specifically dismissed without prejudice. *See Omar v. State,* 2011 Ark. 55 (per curiam). Because appellant had already filed a Rule 37.1 petition that was not denied without prejudice, she was barred from submitting a subsequent petition. *See Gonder v. State,* 2011 Ark. 248, 382 S.W.3d 674 (per curiam); *Omar,* 2011 Ark. 55 (citing *Carter v. State,* 2010 Ark. 349 (per curiam)).