

# SUPREME COURT OF ARKANSAS
### No. CR–16–74

| | |
|---|---|
| CALVIN EUGENE JACKSON<br>PETITIONER | **Opinion Delivered** March 3, 2016 |
| V. | PRO SE MOTION FOR BELATED APPEAL OR FOR RULE ON CLERK [CRAIGHEAD COUNTY CIRCUIT COURT, NO. 16CR-13-725] |
| STATE OF ARKANSAS<br>RESPONDENT | HONORABLE CINDY THYER, JUDGE |
| | <u>MOTION TREATED AS MOTION FOR BELATED APPEAL AND DENIED</u>. |

**PER CURIAM**

In 2013, petitioner Calvin Eugene Jackson entered a negotiated guilty plea to first–degree murder in the Craighead County Circuit Court. Jackson received a sentence of 228 months' imprisonment in the Arkansas Department of Correction and an additional 120 months' suspended imposition of sentence. Jackson filed two pro se petitions seeking postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015). The first, filed in 2014, was dismissed by an order entered February 19, 2014. The second, filed June 5, 2015, was dismissed by an order entered June 25, 2015.

When the record to appeal the second order was tendered to this court, our clerk declined to lodge it because the notice of appeal was not filed within thirty days of the date of the entry of the order dismissing the second Rule 37.1 petition. Jackson has now filed the instant pro se motion for belated appeal. In it, he requests this court to grant a belated appeal or, in the alternative, rule on clerk, so that he may proceed with an appeal. As

discussed further below, the notice of appeal contained in the record was not timely filed, and we therefore treat the motion as a motion for belated appeal. *Green v. State*, 2015 Ark. 198 (per curiam); *see also McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004).

Jackson appears to contend in the motion that he should be permitted to go forward with an appeal of his judgment of conviction. He also appears to allege that trial counsel was never relieved and was therefore obligated to file a timely notice of appeal. It is not clear whether Jackson contends that counsel was obligated to file a notice of appeal as to his judgment of conviction or whether Jackson alleges that counsel was obligated to represent him in the Rule 37 proceedings and therefore should have filed a notice of appeal for the orders dismissing his petitions. In either case, Jackson has not demonstrated good cause to excuse the procedural default, and we deny the motion.

Arkansas Rule of Appellate Procedure–Criminal 2 requires an appellant to file his notice of appeal within thirty days of the date of the entry of an order denying postconviction relief. Ark. R. App. P.–Crim. 2(a) (2015). On September 14, 2015, Jackson filed a notice of appeal for the June 25, 2015 order denying postconviction relief and for the earlier order entered February 19, 2014, dismissing the first Rule 37.1 petition. The notice of appeal had to be filed no later than Monday, July 27, 2015, to be timely as to the last-entered order, and it was filed well outside the thirty-day limit as to either order listed.[1]

---

[1]The actual due date for a notice of appeal of the June 25, 2015 order fell on Saturday, July 25, 2015, and, under Arkansas Rule of Appellate Procedure–Criminal 17 (2015), the last day for filing was the next business day, July 27, 2015.

Under Rule 2, this court will allow a belated appeal from an order denying postconviction relief if the movant shows good cause for the failure to file a notice of appeal within the required time. Ark. R. App. P.–Crim. 2(e); *see also Clay v. State*, 2015 Ark. 352 (per curiam). Rule 2(e) provides, however, that only motions for belated appeal that are filed within eighteen months of the judgment or order to be appealed will be considered. *Wright v. State*, 2016 Ark. 5 (per curiam). To the extent that Jackson may wish to appeal the dismissal of his first postconviction petition or the judgment of conviction, his application for belated appeal is not timely.

As for Jackson's appeal of the order dismissing his second Rule 37.1 petition, he fails to demonstrate that trial counsel represented him in those proceedings. Jackson did not appeal the judgment of conviction, and, generally, a guilty plea is not appealable.[2] Ark. R. App. P.–Crim. 1; *see also id.*; *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. Arkansas Rule of Appellate Procedure–Criminal 16 requires an attorney representing a criminal defendant, including an attorney who represents a criminal defendant in postconviction proceedings, to continue representation through an appeal. *See Smith v. State*, 2013 Ark. 166 (per curiam). Rule 16 does not require an attorney who has represented a criminal defendant at trial to also continue representation throughout postconviction proceedings in order to challenge a judgment of conviction.[3] Jackson's petition indicated that he was

---

[2]A transcript of the plea hearing is included in the record. During the hearing, the court advised Jackson that he was waiving his right to appeal by entering the guilty plea.

[3]In fact, trial counsel would typically have a conflict of interest during Rule 37 proceedings because collateral attacks, including any claims of ineffective assistance of counsel, are to be raised in a Rule 37.1 petition. *See* Ark. R. Crim. P. 37.1(a).

appearing pro se in his postconviction proceedings, and the record does not reflect an appearance by trial counsel. Jackson failed to demonstrate that trial counsel represented him in the Rule 37 proceedings, and, thus, he also failed to show that trial counsel had any obligation to perfect an appeal of the order dismissing the second petition. He offered nothing further to explain his own failure to file a timely notice of appeal.

When a petitioner fails to perfect an appeal in accordance with the prevailing rules of procedure, the burden is on the petitioner, even if he is proceeding pro se, to establish good cause for failure to comply with the procedural rules. *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). The duty to conform to procedural rules applies even when the petitioner proceeds pro se, as all litigants must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not doing so. *Miller v. State*, 2013 Ark. 182 (per curiam); *see also Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580 (holding that pro se litigants are held to the same standard as licensed attorneys with respect to complying with procedural rules). Jackson did not meet this burden.

Motion treated as motion for belated appeal and denied.