SLIP OPINION

Cite as 2016 Ark. 141

# SUPREME COURT OF ARKANSAS.

No. CV–15–587

| | |
|---|---|
| DUANE JEFFERSON GONDER<br>APPELLANT<br><br>V.<br><br>FRANKLIN SPAIN, DEPUTY<br>PROSECUTING ATTORNEY<br>APPELLEE | Opinion Delivered March 31, 2016<br><br>PRO SE APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT<br>[NO. 22CV-15-48]<br><br>HONORABLE TED C. CAPEHEART,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Appellant, Duane Jefferson Gonder, was charged with capital murder, aggravated assault, aggravated residential burglary, kidnapping, and furnishing prohibited articles. Pursuant to a plea agreement, the capital-murder charge was reduced to first-degree murder, the kidnapping and burglary charges were dropped, and Gonder pleaded guilty to one count of first-degree murder, one count of aggravated assault, and one count of attempting to furnish a prohibited article. Gonder was sentenced to an aggregate term of 552 months' imprisonment, which was the sentence agreed upon in the plea agreement. Gonder filed a petition for postconviction relief, which was denied by the trial court, and we dismissed the appeal because the allegations contained in the postconviction petition were such that it was conclusive on its face that no relief was warranted. *Gonder v. State*, 2011 Ark. 248, 382 S.W.3d 674 (per curiam).

SLIP OPINION

Now before this court is Gonder's appeal from the denial of a civil complaint and an amended civil complaint filed against the Drew County deputy prosecutor, Franklin Spain,[1] alleging that Spain had misstated facts during Gonder's plea hearing and withheld victim-impact statements. In the original complaint, Gonder asked for compensatory and punitive damages. Spain filed a motion to dismiss asserting that the complaint is barred by prosecutorial immunity, sovereign immunity, and the statute of limitations. Gonder then filed an amended complaint requesting injunctive relief rather than monetary damages. A motion to dismiss the amended complaint was filed on the basis that the amended complaint constituted an untimely petition for postconviction relief. The trial court granted the motions and dismissed both pleadings, finding that the complaint was barred by absolute prosecutorial immunity, sovereign immunity, and the statute of limitations, and further concluded that the action was governed by Rule 37.1 of the Arkansas Rules of Criminal Procedure. Gonder did not incorporate the original complaint into the amended complaint by reference; therefore, the original complaint is superseded, and we are limited in our analysis to the amended complaint. *James v. Williams*, 372 Ark. 82, 87, 270 S.W.3d 855, 860 (2008).

The amended complaint sought injunctive relief in the form of modifying or setting aside Gonder's sentence. Even though Gonder's amended complaint sought injunctive relief, it represented a collateral attack on the judgment of conviction, and such actions are

---

[1]Gonder's complaint and amended complaint named the defendants as "Franklin Spain, et. al." However, the body of the complaint and amended complaint do not identify any additional parties to the action.

governed solely by Rule 37.1 of the Arkansas Rules of Criminal Procedure. Rule 37.1 states in pertinent part that "a petitioner who is in custody under sentence of a circuit court claiming a right . . . to have his sentence modified" or claims that his sentence is otherwise subject to "collateral attack" may file a Rule 37.1 petition "praying that the sentence be vacated or modified." Ark. R. Crim. P. 37.1(a)(i), (iv) (2011). Thus, Rule 37.1 encompasses and therefore governs an action that collaterally attacks a sentence. Moreover, Rule 37.2 mandates that "all grounds for postconviction relief from a sentence imposed by a circuit court must be raised in a petition under this rule." Ark. R. Crim. P. 37.2(b) (2011). Likewise, this court has made clear that regardless of its label, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule. *See Bailey v. State*, 312 Ark. 180, 182, 848 S.W.2d 391,392 (1993) (per curiam) (motion for declaratory relief constituted a collateral attack on a judgment and sentence and was therefore governed by Rule 37); *see also Holliday v. State*, 2013 Ark. 47, at 2 (per curiam) (collecting cases).

Here, Gonder's original Rule 37.1 petition was denied with prejudice by the trial court and dismissed by this court on appeal. *Gonder*, 2011 Ark. 248, 382 S.W.3d 674. In this instance, Gonder again collaterally attacks his sentence as his request for injunctive relief seeks to modify or set it aside. Thus, regardless of its label, this complaint was also a postconviction petition. Postconviction pleadings that raise grounds for relief cognizable under Rule 37.1 are considered petitions to proceed under Rule 37.1 and are subject to its procedural requirements. *Walker v. State*, 283 Ark. 339, 340, 676 S.W.2d 460, 461 (1984) (per curiam). Gonder's civil complaint for injunctive relief is, therefore, subject to the

timeliness requirements for filing requests for postconviction relief. *See* Ark. R. Crim. P. 37.2(c) (if a conviction is obtained by a guilty plea, a petition claiming relief under this Rule must be filed 90 days of the date of entry of the judgment). Given that Gonder's amended complaint raises grounds cognizable under Rule 37.1 and is subject to its procedural requirements, it is untimely as it was filed well beyond the 90-day time limit prescribed by Rule 37.2(c).

Additionally, this court has consistently upheld the rule that a petitioner is limited to one petition for postconviction relief unless the first petition was specifically denied without prejudice to allow the filing of a second petition. *Kemp v. State*, 2009 Ark. 631, at 4 (citing *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997)); *see also* Ark. R. Crim. P. 37.2(b) (stating in pertinent part that all grounds for relief must be raised in the original petition, unless the petition was denied without prejudice). Furthermore, Gonder's allegations that the prosecutor misstated the facts surrounding his plea and conviction for attempt to furnish a prohibited article is an issue that could have been raised at the time of the plea, and is, therefore, not a claim that may be raised for the first time in a Rule 37 petition. *See Howard v. State*, 367 Ark. 18, 27, 238 S.W.3d 24, 33 (2006) (rejecting a postconviction allegation that the prosecutor had knowingly introduced false testimony during the trial, because the petitioner could have raised the issue at trial or on direct appeal and was precluded from raising the issue for the first time in a Rule 37.1 petition).

For the reasons set forth above, the circuit court correctly dismissed Gonder's amended complaint because it was governed by the requirements of Rule 37, and as such

represented an untimely, successive petition for postconviction relief that raised claims that are procedurally barred.

Affirmed.

*Duane Jefferson Gonder*, pro se appellant.

No response.