Paul E. Danielson, Justice, dissenting. |4I respectfully dissent. As stated by the majority, it is undisputed that the sentence was illegal. I disagree with the, majority’s holding that the circuit court had the authority to revoke Limbocker’s suspended sentence based on actions occurring during the illegal, and therefore void, sentence. Because the sentence was void, there was no suspended sentence imposed when the acts occurred, and the circuit court lacked authority to revoke it. A circuit court does not have the authority to revoke a suspended sentence prior to the commencement of the period of suspension. Harness v. State, 352 Ark. 335, 101 S.W.3d 235 (2003). A sentence is void when the circuit court lacks the authority to impose it. Id. Here, the circuit court entered an order, in contravention of statute by stating that the sentences were to run consecutively rather than concurrently. See Ark. Code Ann. § 5-4-307 (Repl. 2013). The majority states that the circuit court “amended,” “modified,” or “corrected” Limbocker’s sentence to, state that it ran concurrently, rather than consecutively. This change by the circuit court was made at a hearing after the petition to revoke had been filed in order to comply with section 5-4-307. Limbocker should have been resentenced, with the sentences to run concurrently from the date of the original 2009 order. Limbocker entered .into a negotiated plea agreement. We apply general contract principles in interpreting plea agreements. See Gonder v. State, 2011 Ark. 248, 382 S.W.3d 674 (per curiam). A plea agreement is just what it says it is: an agreement or contract between a defendant and the State. Like any other contract, a plea agreement is unenforceable during the time that it is void or illegal. Any breach or violation of the agreement can occur only during the time that the agreement is valid and enforceable. Just | fias the terms of a contract cannot be breached during a time that the contract is void and unenforceable, the terms of a plea agreement cannot be violated during a time that the agreement is void and unenforceable. I have no problem with the circuit court modifying or correcting an illegal sentence to make the sentence valid and enforceable. However, I cannot see how a person can be guilty of violating a condition of suspended sentence for actions occurring during a time that the sentence was illegal, void, and necessarily unenforceable. It seems to me that the circuit court can consider only actions occurring after the modification or correction of the sentencing order. Accordingly, I would hold that the circuit court lacked the authority to revoke Limbocker’s suspended sentence based on actions that occurred before the period of suspension. I also disagree with the majority’s conclusion that Limbocker “has alleged no actual harm as a result of the illegal sentence.” Limbocker’s argument is that the circuit court did not have the authority to revoke his suspended sentence because his sentence was illegal, and there was no period of suspension in place when the acts occurred. When the circuit court revoked Limbocker’s suspended imposition of sentence, he received a sentence of six years in prison. Six years’ imprisonment strikes me as rather harmful. For the reasons stated above, I dissent and would reverse and remand. Hart, J., joins in this dissent.