Cite as 2020 Ark. 403

# SUPREME COURT OF ARKANSAS

No. CV-20-26

|  |  |
|---|---|
| WENDELL ROGERS | **Opinion Delivered:** December 3, 2020 |
| APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-19-458] |
| V. |  |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | REVERSED AND REMANDED. |

**ROBIN F. WYNNE, Associate Justice**

Wendell Rogers appeals from the denial of his petition for a writ of mandamus filed in the circuit court alleging that the Arkansas Department of Correction (ADC) miscalculated his parole eligibility by applying a 2007 amended version of Arkansas Code Annotated section 16-90-120(e) (Supp. 2009), requiring defendants sentenced to a firearm enhancement to serve 70 percent of the enhanced sentence. The State responded to Rogers's petition and contended that Arkansas Code Annotated section 16-93-611(a)(1)(c) (Supp. 2003) authorized the ADC to require Rogers to serve 70 percent of his aggregate sentence of forty-five years' imprisonment. The circuit court agreed with the State's argument and dismissed the mandamus petition. Neither the State in its response to Rogers's petition nor the circuit court in its order dismissing the mandamus petition addressed Rogers's primary claim regarding section 16-90-120 and the statute's amendment in 2007. For this reason, the matter is reversed and remanded to address the issue.

I. *Background*

In 2006, Rogers was convicted by a Union County Circuit Court jury of aggravated robbery with a firearm enhancement. Rogers was sentenced to 30 years' imprisonment for aggravated robbery, and he was sentenced to an additional 15 years' imprisonment for the use of a firearm in the robbery pursuant to Arkansas Code Annotated section 16-90-120 (1987). Rogers was sentenced to an aggregate term of forty-five years' imprisonment. The court of appeals affirmed Rogers's conviction and sentence. *Rogers v. State*, 2009 Ark. App. 406. The record in this case demonstrates that Rogers entered the ADC in 2006, and his transfer-eligibility date is 2037, which appears to demonstrate that Rogers must serve 70 percent of his aggregate sentence of forty-five years' imprisonment before becoming eligible for parole.

II. *Standard of Review*

The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id*.

III. *Writ of Mandamus*

We have often held that mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005). A writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available. *Id*. Moreover, a mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *Id*. It is the

appellant's burden to produce a record establishing that he indeed has a legal right. *Robertson v. Norris*, 360 Ark. 591, 203 S.W.3d 82 (2005).

## IV. *Parole Eligibility*

With respect to parole eligibility, we have said that "a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law, in violation of Art. 2 § 17 of the Arkansas Constitution." *Bosnick v. Lockhart*, 283 Ark. 206, 207–08, 672 S.W.2d 52, 53 (1984) (quoting *Davis v. Mabry*, 266 Ark. 487, 491, 585 S.W.2d 949, 951 (1979)). For this reason, the ADC must determine parole eligibility by the law in effect at the time the offense was committed. *See* Ark. Code Ann. § 16-93-612(a) (Repl. 2016). Based on this, the ADC does not have discretion to apply parole statutes ex post facto.

## V. *Claims for Relief*

As stated above, Rogers alleges that the ADC's erroneous calculation of his parole eligibility is based on a law that was not in effect when he committed the offense in 2005. Section 16-90-120, which was in effect when Rogers committed aggravated robbery, imposed an additional period of imprisonment not to exceed fifteen years. Ark. Code Ann. § 16-90-120(a). The act further required that any additional term of imprisonment "shall run consecutively and not concurrently." Ark. Code Ann. § 16-90-120(b). We have found that section 16-90-120(a)–(b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense. *Neely v. State*, 2010 Ark. 452, at 5, 370 S.W.3d 820, 823. Section 16-90-120(a)–(b) was originally enacted in 1969 and was not amended until 2007. The amended statute addressed parole eligibility for the sentence enhancement and stated in pertinent part that "for an offense committed on or after

3

July 2, 2007," any person sentenced under the statute is not eligible for parole or community correction transfer if the underlying felony includes, among other felony offenses, aggravated robbery. *See* Ark. Code Ann. § 16-90-120(e) (Supp. 2009).

Instead of addressing the effect of the amendment to section 16-90-120 on Rogers's parole eligibility, the State and the circuit court focused on Arkansas Code Annotated section 16-93-611(a)(1)(C) (Supp. 2005).[1] Under this statute, a defendant convicted of aggravated robbery must serve 70 percent of the sentence for the offense. The circuit court failed to address whether the 70 percent requirement was also applicable to the fifteen-year enhancement, particularly in view of our holding that the sentence enhancement found in section 16-90-120 is separate from statutes applicable to a specific criminal offense. *Neely*, 2010 Ark. 452, at 5, 370 S.W.3d at 823. In addition, the circuit court failed to address the language found in the amendment to section 16-90-120, which specifically states that the amendment was applicable only to offenses committed "after July 2, 2007." In view of this, the circuit court is directed to consider whether the ADC erroneously calculated Rogers's parole eligibility as it pertains solely to the fifteen-year-enhancement sentence.

Reversed and remanded.

WOOD AND WOMACK, JJ., dissent without opinion.

*Wendell Rogers*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.

---

[1]Arkansas Code Annotated section 16-93-611, the parole-eligibility statute for Class Y felonies, was repealed by Act 570 of 2011. The current law regarding parole eligibility for Class Y felonies is found at Arkansas Code Annotated section 16-93-618.