Cite as 2021 Ark. 157

# SUPREME COURT OF ARKANSAS

**No.** CR–20–520

| | |
|---|---|
| ERIC C. BURGIE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS; AND STEVE OLIVER, PAUL NORRIS WATERFIELD, AND/OR THEIR SUCCESSORS, ET AL.<br><br>APPELLEES | **Opinion Delivered:** September 16, 2021<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-00-366]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Eric C. Burgie appeals from the circuit court's denial of his petition for a writ of mandamus that sought to compel the disclosure of documents under the Freedom of Information Act (FOIA), Arkansas Code Annotated sections 25-19-105 to -110 (Repl. 2014 & Supp. 2021). After the respondents denied his FOIA requests, Burgie filed a pro se mandamus petition and asked the circuit court to compel the Garland County prosecutor, Steve Oliver, and Paul Norris Waterfield of the Hot Springs Police Department (HSPD) to produce investigative materials connected to his criminal conviction. The circuit court denied the petition for a writ of mandamus. We affirm.

In 2001, a jury convicted Burgie of capital murder and aggravated robbery and sentenced him to life imprisonment without parole. This court affirmed. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam).

The standard of review on a denial of a petition for writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Kelley*, 2020 Ark. 403, 611 S.W.3d 476. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id*.

Mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty that is required by law and that requires no exercise of discretion or official judgment. *Id*. A writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available. *Id*. Moreover, a mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *Id*. It is Burgie's burden to produce a record establishing that he has such a legal right. *Id*.

In the petition filed below, Burgie contended that he was entitled to materials from the prosecutor and the HSPD because the requested material pertained exclusively to the investigation surrounding his conviction for capital murder. Burgie requested investigative materials from local authorities in accordance with FOIA. However, pursuant to FOIA, "undisclosed investigations by law enforcement agencies of suspected criminal activities . . . shall not be deemed to be made open to the public." *Berger v. Bryant*, 2020 Ark. 157, 598 S.W.3d 36 (citing Ark. Code Ann. § 25-19-105(b)(6)). Moreover, FOIA further prohibits access to any public record to a "person who at the time of the request has pleaded guilty to or been found guilty of a felony and is incarcerated in a correctional facility[.]" *Id*. (citing

Ark. Code Ann. § 25-19-105(a)(1)(B)(i)).[1]

Burgie's reliance on our holdings in *Hill v. Gallagher*, 2016 Ark. 257, and *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694, in support of his mandamus petition is misplaced. Those two cases pertained to FOIA requests made pursuant to Arkansas Code Annotated section 12-12-312 (Supp. 2015), which are applicable to materials in the possession of the Arkansas State Crime Laboratory. *See Linell v. State*, 2019 Ark. 25, 565 S.W.3d 482. Burgie did not request materials possessed by the crime lab, which, under the current statute, Arkansas Code Annotated section 12-12-312 (a)(1)(B)(ii) (Supp. 2021), must be disclosed by the prosecuting attorney if the evidence tends to negate Burgie's guilt. *See id.*

In view of the above, Burgie fails to show that he has an established legal right to access investigative materials from local authorities. The circuit court did not abuse its discretion when it denied Burgie's petition for a writ of mandamus.

Affirmed.

*Eric C. Burgie*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

---

[1]In his argument on appeal, Burgie contends that the provision that prohibits incarcerated persons from access to public records is a violation of due process and equal protection. Because Burgie has raised this argument for the first time on appeal, it will not be considered by this court. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491.