Cite as 2024 Ark. 63

# SUPREME COURT OF ARKANSAS

No. CR–23–646

|  |  |
|---|---|
| DUANE JEFFERSON GONDER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** April 18, 2024<br><br>PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT; MOTION FOR JUDICIAL NOTICE OF ADJUDICATED FACTS; MOTION FOR PERMISSION TO FILE A SUPPLEMENTAL MOTION FOR JUDICIAL NOTICE OF ADJUDICATED FACTS; MOTION FOR RULE ON CLERK<br>[NO. 22CR-10-53]<br><br>HONORABLE ROBERT BYNUM GIBSON III, JUDGE<br><br>AFFIRMED; MOTIONS DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Duane Jefferson Gonder appeals from the circuit court's denial of his motion for permission to file a petition for writ of mandamus. For reversal, Gonder argues that he has no other adequate remedy except for a writ of mandamus and that the circuit court acted improvidently, thoughtlessly, or without due consideration. The circuit court did not abuse its discretion; therefore, we affirm.

In his underlying petition for the writ, Gonder asked the circuit court to compel the prosecuting attorney, Franklin Spain, to withdraw Gonder's guilty plea to the charge of attempting to furnish a prohibited article into a correctional facility in violation of Arkansas Code Annotated section 5-54-119 (Supp. 2009). The circuit court denied the motion for permission to file a mandamus petition and found the petition to be meritless. Gonder also

has pending motions before this court. He requests that we take judicial notice that, during the plea hearing, Spain misrepresented the facts underlying the charge of attempting to furnish a prohibited article and therefore has a ministerial duty to correct the misrepresentation, and that Gonder has a right to withdraw his guilty plea. Gonder has also filed a motion for rule on clerk with an attached tendered reply brief. Gonder's motion for rule on clerk filed on January 22, 2024, is treated as a motion to file a belated reply brief. For the same reasons set out below, the motions for judicial notice are denied. The motion for rule on clerk is also denied. Gonder's reply brief was due on January 2, 2024,[1] and Gonder failed to demonstrate good cause for his failure to conform to procedural rules. *Jackson v. State*, 2016 Ark. 95.

Gonder was charged with capital murder, aggravated assault, aggravated residential burglary, kidnapping, and attempting to furnish a prohibited article. *Gonder v. State*, 2022 Ark. 67, 641 S.W.3d 626 (affirming the denial of Gonder's petition to unseal record). As part of a negotiated plea agreement, the capital-murder charge was reduced to first-degree murder, and the kidnapping and burglary charges were dismissed. *Id*. As a result, Gonder pleaded guilty to one count of first-degree murder, one count of aggravated assault, and the separate charge of attempting to furnish a prohibited article. *Id*. The record reflects that the separate charge arose while Gonder was awaiting trial in the Drew County Detention Center, where he attempted to introduce a cell-phone battery into his jail cell. The charges

---

[1]Appellee's responsive brief was filed on December 20, 2023, and Gonder's reply brief was due on January 4, 2024. Gonder filed a second motion for judicial notice on January 9, 2024, and he did not file his motion for rule on clerk to file a belated brief until January 22, 2024.

were consolidated, and Gonder was sentenced to an aggregate term of 552 months' imprisonment. *Id.*

Gonder subsequently filed a petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011), arguing that his trial counsel was ineffective because the murder victim was armed with a gun and, had trial counsel informed the trial court of this fact during Gonder's plea hearing, a lesser sentence would have been imposed. *Gonder v. State*, 2011 Ark. 248, 382 S.W.3d 674 (per curiam). We affirmed the denial of Gonder's Rule 37.1 petition, noting that a successful challenge to a plea agreement would not have resulted in a reduction of the sentence but would have resulted in the nullification of the entire agreement, necessitating a trial on the original charges. *Id.*

After his Rule 37.1 petition was denied, Gonder filed a civil complaint against Spain alleging that he was entitled to injunctive relief in the form of modifying the plea agreement and setting aside his sentence for furnishing a prohibited item due to Spain's misrepresentation of the facts of the crime. *Gonder v. Spain*, 2016 Ark. 141, 489 S.W.3d 133 (per curiam). We affirmed the dismissal of the complaint because Gonder's allegations represented a collateral attack on the judgment of conviction and was therefore governed by the time limitations set forth in Arkansas Rule of Criminal Procedure 37.2(c) (2016). *Id.*

Now we turn to the writ of mandamus. The standard of review on a denial of a writ of mandamus is whether the circuit court abused its discretion. *Andrews v. Payne*, 2023 Ark. 129, 674 S.W.3d 450. An abuse of discretion occurs when the court has acted improvidently, thoughtlessly, or without due consideration. *Id.* The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Waller*

*v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757. A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and when requesting the writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id*. Mandamus is an appropriate remedy when a public officer is called upon to perform a plain and specific duty that is required by law and that requires no exercise of discretion or official judgment. *Burgie v. State*, 2021 Ark. 157, 628 S.W.3d 372. A writ of mandamus is a discretionary remedy that will be issued only when the petitioner has shown a clear and certain legal right to the relief sought and there is no other adequate remedy available. *Id*. Moreover, a mandamus action enforces the performance of a legal right after it has been established; it is not intended to establish a right. *Id*.

Gonder argued that he is entitled to issuance of a writ of mandamus to compel Spain to correct his misleading statements, amend the plea agreement, and return the parties to the positions they were in before Gonder entered his guilty plea. Gonder alleges that Spain has a ministerial duty to follow Arkansas Rule of Professional Conduct 3.3(a)(1) (2023) prohibiting attorneys from knowingly presenting false information to a tribunal and requiring an attorney to correct any misrepresentation of a material fact made to a tribunal. Specifically, Gonder contends that Spain incorrectly informed the trial court that Gonder was seen by a correctional officer removing a cell-phone battery that had been taped under a table in the county jail's visiting area. In support of his allegation, Gonder attached to his petition the incident report related to the charge reflecting that a guard had seen Gonder go into the visiting area and reach under a table where Gonder and his visitor had been sitting during visitation hours on the previous day. Consequently, the guard searched the table

4

where Gonder was sitting and had been sitting the previous day and found a battery taped under the table. It further reflects that after the officer discovered the hidden battery, Gonder's jail cell was searched, and a cell phone was found. Gonder was charged with attempting to introduce the battery into the county jail, to which he pleaded guilty.[2]

Gonder's allegation that counsel violated Arkansas Rule of Professional Conduct 3.3(a)(1) fails for two reasons. First, Gonder failed to present evidence that the misrepresentation alleged by counsel was knowingly made. Arkansas Rule of Professional Conduct 1.0 defines "knowingly" as denoting "actual knowledge" of the fact in question. *See Smith v. State*, 2018 Ark. 37 (petitioner had burden of demonstrating that State knowingly offered false testimony in support of conviction). Second, commentary to Arkansas Rule of Professional Conduct 3.3(a)(1) indicates that the obligation to correct any erroneous statements made to a tribunal terminates at the conclusion of the proceedings. *See* Ark. R. Prof'l Conduct 3.3 cmt. 13 (2023).

Moreover, Gonder's mandamus claim asking that his conviction and sentence be set aside is a collateral attack on the judgment of conviction arising from his guilty plea. A pleading that mounts a collateral attack on a judgment is governed by the provisions of Arkansas Rule of Criminal Procedure 37.1 and is subject to its procedural requirements. *Cullen v. State*, 2023 Ark. 172, 678 S.W.3d 20; *see also Gonder*, 2016 Ark. 141, 489 S.W.3d

---

[2]The prosecutor's alleged misrepresentation was not material to Gonder's plea and conviction for attempting to introduce a prohibited article because whether Gonder removed the battery or attempted to remove the battery was not material or relevant to his conviction for "attempting" to introduce contraband. *See Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003) (relevant evidence must be of consequence to the determination of the action).

133 (Gonder's claim for injunctive relief against Spain for alleged misstatements was an untimely Rule 37.1 petition). Gonder is attempting to substitute a mandamus action for an untimely and successive petition for postconviction relief pursuant to Rule 37.2. In sum, Gonder has failed to demonstrate that he has a clear and certain right to the relief sought and has otherwise failed to demonstrate that the prosecutor has a ministerial obligation to correct any misrepresentations made at the plea hearing that concluded ten years ago. Ark. R. Prof'l Conduct 3.3 cmt. 13; *Burgie*, 2021 Ark. 157, 628 S.W.3d 372.

Gonder alleges that he is entitled to mandamus relief because he has no other available remedy. He is mistaken. There is no evidence in the record that either Gonder or his counsel filed a motion to withdraw the plea before judgment was entered and executed. *See Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235. After a judgment of conviction based on a guilty plea is entered, the conviction and sentence cannot be modified. *See* Ark. R. Crim. P. 26.1(a) (2010); *see also Stewart v. State*, 2018 Ark. 166, at 1, 546 S.W.3d 472, 473 (A trial court loses jurisdiction to modify or amend an original sentence once the sentence is put into execution.). Gonder, who was represented by counsel, could have filed a petition to withdraw his plea before the judgment was entered but failed to do so. Moreover, Gonder failed to allege in his Rule 37.1 petition that his guilty plea to furnishing contraband was not knowingly or intelligently made due to Spain's misrepresentations. *Gonder*, 2011 Ark. 248, 382 S.W.3d 674. Therefore, the lack of a remedy is due to Gonder's failure to timely file either a petition to withdraw his plea or a petition for Rule 37 postconviction relief.

Affirmed; motions denied.

*Duane Jefferson Gonder*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.