Cite as 2025 Ark. App. 106

# ARKANSAS COURT OF APPEALS

DIVISION II
№. CR-23-767

|  |  |
|---|---|
|  | Opinion Delivered February 19, 2025 |
| CRYSTAL LOWERY<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. 60CR-14-3928] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
|  | DISMISSED |

## MIKE MURPHY, Judge

Appellant Crystal Lowery appeals the September 13, 2023 order of the Pulaski County Circuit Court denying her motion to vacate her plea agreement on the basis that it did not have jurisdiction to consider the motion. We dismiss.

In July 2015, appellant Crystal Lowery entered a negotiated plea in Pulaski County Circuit Court case No. 60CR-14-3928 in which she agreed to testify against her husband, Aaron Lewis, at his trial for the kidnapping and capital murder of realtor Beverly Carter. *See Lewis v. State*, 2017 Ark. 211, at 2–3, 521 S.W.3d 466, 469–70. Lowery had also been charged with kidnapping and capital murder but, as a result of a plea negotiation, was sentenced to a total of only thirty years in the Arkansas Division of Correction. That sentencing order was entered July 9, 2015.

On August 28, 2023, Lowery filed a motion styled "Motion to Vacate Plea Agreement

Due to Breach," alleging that she breached the plea agreement she made by not testifying truthfully, and therefore, pursuant to *Green v. State*, 2009 Ark. 113, 313 S.W.3d 521, the breached plea agreement must be vacated. On September 13, 2023, the circuit court entered an order denying the motion, stating that it lacked jurisdiction to hear it. Lowery appeals. In this pro se appeal, Lowery argues that because this is a motion to vacate the sentence pursuant to a breach of a plea agreement, the circuit court had jurisdiction to consider the motion.

Generally speaking, absent a statute, a rule, or an available writ, once the circuit court enters a judgment and commitment order, jurisdiction is transferred to the executive branch of our government for implementation. *Johnson v. State*, 2012 Ark. 212, at 5. Otherwise, the circuit court loses jurisdiction to act. *Id.* In *Green*, our supreme court held that the trial court had jurisdiction to vacate Green's judgment and commitment order and reinstate his original charges when, after he was sentenced, Green refused to testify and cooperate as required under the terms of his plea agreement. The supreme court reasoned that Green should not benefit from his breach of the plea agreement and, applying contract principles, held that the appropriate remedy was to vacate the plea agreement and reinstate the original charges, restoring both parties to their pre-agreement positions.

We disagree with Lowery that her appeal falls within the narrow jurisdictional exception (if it can be called that) contemplated by *Green*. Notably, the appeal in *Green* stemmed from the State's motion—not the appellant's. Here, Lowery's motion, however it was styled, represents a collateral attack on the judgment and is therefore governed solely by

2

Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Gonder v. Spain*, 2016 Ark. 141, at 3, 489 S.W.3d 133, 134 ("Postconviction pleadings that raise grounds for relief cognizable under Rule 37.1 are considered petitions to proceed under Rule 37.1 and are subject to its procedural requirements."). We agree that the circuit court lacked jurisdiction to hear Lowery's motion, which was untimely under Rule 37.[1]

Rule 37.1 provides that a petitioner claiming her sentence is "subject to collateral attack" may file a Rule 37.1 petition "in the court that imposed the sentence, praying that the sentence be vacated or corrected." Our supreme court has held this language to mean that Rule 37.1 "encompasses and therefore governs an action that collaterally attacks a sentence." *Gonder*, 2016 Ark. 141, at 3, 489 S.W.3d at 134 ("[T]his court has made clear that regardless of its label, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule."). If it walks like a Rule 37.1 and if it talks like a Rule 37.1, it's a Rule 37.1. And, if a conviction is obtained by a guilty plea, a petition claiming relief under Rule 37.1 must be filed within ninety days of the date of entry of the judgment. Ark. R. Crim. P. 37.2(c).

Given that Lowery's motion raises grounds cognizable under Rule 37.1 and is subject to its procedural requirements, the motion is untimely because it was filed well beyond the ninety-day time limit prescribed by Rule 37.2(c). *See Gondor, supra.* Lowery's motion is

---

[1]Moreover, in *Green*, it was the State, not Green, who was aggrieved by Green's breach. As the *Green* court explained, "Appellant should not be allowed to benefit from his breach of this agreement." *Green*, 2009 Ark. 113, at 8, 313 S.W.3d at 527.

roughly eight years too late. The time limitations imposed in Rule 37.2 are jurisdictional in nature, and if those requirements are not met, a circuit court lacks jurisdiction to grant postconviction relief. *Coleman v. State*, 2013 Ark. 152, at 3. When the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Id.* We dismiss.

Dismissed.

BARRETT and HIXSON, JJ., agree.

*Crystal Lowery*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.